Lambar vs. The City of St. Louis.

---

LAMBAR vs. THE CITY OF ST. LOUIS.

1. The city of St. Louis is not liable for digging a ditch by authorized agents, injurious to another, if it be not carelessly done or negligently managed.

J. C. RICHARDSON, City Counsellor.

I. The main point in this case, is the same that was presented in Gurno vs. The City of St. Louis, 12 Mo. Rep. 414; Taylor and others vs. the same, 14 Mo. Rep., and Hoffman vs. the same, argued at this term and now under the consideration of this court. The authorities cited in the appellee's brief, in Hoffman's case, are here referred to, and it is not necessary to enlarge upon what has been said in that case.

II. The action of the defendant, in the premises, can be sustained on another ground. The agreed case admits, that the ditch was cut for the purpose of conducting to the river, the water that accumulated in that part of the city, and which inclined to discharge itself through Carroll street. The ditch was dug to remove a nuisance and to preserve the public health. The 6th clause of 2nd section, article 3, charter 1843, confers in express terms, the power "to make regulations to secure the general health of the inhabitants, and to prevent and remove nuisances." The work here complained of, was not done for the purpose of ornament or mere convenience, but to promote the public health; it was a sanitary measure, and there is no duty enjoined upon the city government, of more imperative obligation than the preservation of the health of the citizens.

In Baker vs. The City of Boston, 12 Pick. 193, the court says: "It has not been denied, nor can it be, that the mayor and aldermen are clothed with legislative powers and prerogatives to a certain extent, and that they are fully empowered to adopt measures of police for the purpose of preserving the health and promoting the convenience and general welfare of the inhabitants within the city. Among these powers, no one is more important than that for the preservation of the public health. It is not only the right but imperative duty of the city government, to watch over the health of the citizens and to remove nuisances, so far as they may be able, which may endanger it, and they have, necessarily, the power of deciding in what manner this shall be done, and their decision is conclusive, unless they transcend the powers conferred by the city charter, or violate the constitution."

III. The instruction given at the instance of the plaintiff, was manifestly wrong; it declares, that if Guibord or any other officer of the city, except the engineer, cut the ditch, though under the authority of the defendant, the plaintiff was entitled to recover. The agreed case expressly states, that the ditch was cut by proper agents of the city under an ordinance; so that the question is concluded, even if there was any thing in it as to the proper officer who did the work. Guibord had nothing to do with cutting the ditch; he only removed obstructions that had been put in it.

IV. The instructions asked by the defendant, presented the law of the case, and all of them ought to have been given.

## L. Cooke, for respondent.

I. Corporations are liable, like individuals, for injuries done, although the act was not beyond their lawful poweis; therefore, the Law Commissioner did not err in refusing to give the first and second instructions asked by the defendant: See Rhodes vs. The city of Cleveland, 10 Ohio Rep. 159.

II. A corporation is civilly responsiole for damages occasioned by acts of its agents done by its commands, in relation to a matter within the scope of the objects for which it was incorporated: See 5 Louisiana Rep. 463, 464; 11 ibid. 86.

Corporations are also liable, by the common law, in actions of trespass, trover, trespass on the case *ex delicto*, &c., for torts commanded or authorized by them; and for this purpose, as well as matters of contract, the acts of their agents are regarded as the acts of the corporation: See 2 Wendall 452; 17 Mass. Rep. 503; 9 Sar. & Rawle 94; 2 Aiken 255; 4 Ham. 500, 514; Wright's Rep. 603; 4 Sar & Rawl. 16; 4 Wash C. C 106; 7 Mass. 187; 7 Cowen 485. It is, therefore, still farther insisted, that the law commissioner did right in refusing the first ar.d second instructions asked by the defendant, and in giving the instruction asked by the plaintiff. A corporation has no power or authority, except what is given in its incorporating act, either expressly or as incidental to its existence. It may correctly be said to be precisely what the incorporating act has made it; to derive all its powers from that act, and to be capable of exerting its faculties only in the manner which that act authorizes. Thus, a corporation authorized to lend money only on bond and mortgage, cannot recover money lent unless a bond and mortgage be taken for repayment, and any other security, as well as the contract, is void: 7 Wendall 31; 3 Wend. 482; 2 Cowen 678; 2 Cranch 127; 4 Wheaton 636, 518; 12 Wheat. 64; 13 Peter's 519; 4 Howard 16; 6 Wheaton 597; 4 Peter's 152; 1 Stewart 299; 2 Johnson 109; 15 Johnson 358; 2 Cowen 675; 6 Conn. 532; 1 Breese appx. 14; 4 Mo. Rep. 242; 9 Mo, Rep. 191, 507, 692; 10 Mo. Rep. 561. By reference to the 8th sub-division of article 3d of the charter of the city of St. Louis, as it existed at the time of the cutting of the ditch, which is the foundation of this action, it will be seen, that the city council only had power "to open, alter, abolish, widen, extend, establish, grade, pave or otherwise improve and keep in repair, streets, avenues, lanes and alleys." It is therefore insisted, that the city council had no authority to pass an ordinance authorizing the cutting of a ditch, and that such an ordinance would be void, and the city liable to the extent of damages occasioned thereby. Therefore the law commissioner did right in giving the instruction asked by the plaintiff.

A wanton and malicious or negligent and unskillful exercise of powers belonging to a corporation, renders them liable; therefore, granting (for sake of argument) that the city had authority to cut the ditch in question, it cannot be denied but that the facts presented in the agreed case, warrant the conclusion, that it was either a wanton and malicious, or negligent and unskillful exercise of power, and the city is equally liable: City of St. Louis vs. Peter Gurno, 12 Mo. Rep. 414; 1 East 555; 4 Sarg. & Rawl. 6.

Consequently, the law commissioner committed no error in giving the instruction given on his own motion.

RYLAND, J., delivered the opinion of the court.

This case presents such points, principally, as have been already decided by this court in the cases of Gurno vs. the City; Taylor et al. vs. the City, and Hoffman vs. the City.

Lambar vs. the City of St. Louis.

The following is the agreed case:

"The plaintiff, Lambar, built and occupied a two story brick house on the premises described in his petition, worth fifteen dollars per month renting. That Carroll street, upon which said house fronts, was a public street, but has never been paved or graded, or in any manner improved or altered, save as hereafter mentioned. That about from one to five years ago, the city of St. Louis, by her proper agents, under her ordinance, cut a ditch on the north side of Carroll street (and the north side thereof, was about eight or ten feet from the plaintiff's house,) for the purpose of conducting the water, which had previously accumulated in that part of the city, from the south and west of Seventh street, through said ditch in Carroll street; which water would otherwise flow from Seventh street towards Carondelet avenue, and distribute itself through various streets running east, and along said streets (Carroll street principally, as one) to the Mississippi river. That said ditch, by the operation of the collection and flow of water, was widened to the width of ten or twelve feet, which prevented the plaintiff from using or renting his house to the same advantage, that he could have done, if the ditch had not been cut, as above stated; and that the loss amounted to at least one hundred and fifty dollars. That the plaintiff put a dam across the ditch to fill up the same, about two years ago, which was removed by one Guibord, under the authority of the defendant, and the ditch made free and unobstructed, as before."

The law commissioner, before whom this case was tried, gave one instruction for the plaintiff and two for the defendant, and one on its own motion.

The instructions given do not touch the agreed case. The one for the plaintiff refers to the character and authority of the person doing the work, the proper officer; and the one on the motion of the commissioner himself, puts the case on the negligence of the city authorities in constructing the work and in keeping it so that it should cause no injury to the persons living near it. Neither of these instructions have any foundation on which to rest, and are both wrong

From the agreed case, it seems, that the ditch was dug by the city, by her proper authorized agents, under her proper ordinances. It does not appear, how wide it was when first dug, or how deep; whether it was carelessly kept, or carelessly and negligently managed by the city authorities, after it was dug. There is nothing from the agreed case, by which the city can be made liable under the principles in the cases heretofore decided by this court.

We cannot go beyond the facts as found in the agreed case, and if

such facts do not constitute the liability of the defendant, the plaintiff should not recover.

We do not pretend to say, but that for neglect or unskillfulness and mismanagement, in constructing public improvements, that there might be cases presented, in which the city's liability would be manifest; but we are not authorized to make presumptions of facts, upon an agreed case. We take the facts as found, as agreed, and suppose they are all the facts in relation to the matter in controversy.

Under this view then, the court below erred. The city is not liable upon such a state of case. The judgment below is reversed, the other judges concurring.