## CITY OF ST. JOSEPH, Appellant, v. ANTHONY, Respondent.

1. The general assembly may authorize a municipal corporation to macadamize streets within its limits, and to apportion and charge the cost of such macadamizing on the adjoining lots in proportion to their front.
2. In order to authorize a municipal corporation to recover the amount charged against an adjoining lot on account of the macadamizing of a

City of St. Joseph v. Anthony.

street, a substantial compliance with the law must be shown; an observance of all the formalities prescribed by the ordinances of the corporation, which are directory, is not required. If the work has been done and in a manner satisfactory to the officer entrusted with its supervision, and has been received by the corporation and paid for, a *prima facie* case is made out. The defendant may show that there has been a neglect of duty on the part of the authorities entrusted with the execution of the work, and if this neglect or omission has injured him, such facts may constitute a defence.

*Appeal from Buchanan Court of Common Pleas.*

This was an action to recover one hundred and twenty-eight dollars and seven cents, the amount apportioned to the defendant as his share of the cost of macadamizing the street in front of his lot in the city of St. Joseph. The petition alleges the incorporation of plaintiff by the charter granted February 22, 1851; sets forth the amendment of the charter approved November 21, 1857, empowering it to macadamize the streets and directing that the cost thereof should be borne by the owners of the adjoining property, and apportioned and charged on the adjoining lots in proportion to their front in manner to be prescribed by ordinance. * The

---

* Said amendment of the charter is as follows: " Sec. 1. The mayor and councilmen of the city of St. Joseph shall have power, within the city, to macadamize, pave, or otherwise improve and keep in repair, streets, alleys and avenues. Sec. 2. The cost of all macadamizing, paving, and repairing done in any street, alley or avenue, by order of the mayor and city council, shall be borne by the owners of the adjoining property, and shall be apportioned and charged on the adjoining lots in proportion to their front, in manner to be prescribed by ordinance, and shall be paid by the owners of such lots respectively; and the city engineer shall make out and hand to the city collector for collection, on the first Monday in May and November in each year, the accounts of such apportioned costs of the improvements made during the six months preceding, and the owners of the lots charged therewith shall be bound to pay said costs charged, like liabilities contracted by themselves, and may be sued therefor accordingly, and the lots or lands charged shall also be held by a lien for the respective apportioned shares of such cost, until the same, with all costs attending the collection, be fully paid; such lien may be enforced by a special tax, levy and sale, or also by proceedings at law, all according to such proceedings and in such manner as may be prescribed by ordinance; and any share of such cost, which shall not be paid at the time the same is made payable by ordinance, shall, until paid, bear and be chargeable with such rate of interest as the city council ordain, not exceeding, however, twenty per cent. per annum." (Sess. Acts, 1857, Adj. Sess. p. 249.)

petition set forth ordinances of the city passed under this amendment of the charter; that the city council ordered the macadamizing of the street in front of the defendant's lot; that the city engineer proceeded to let to contract said macadamizing agreeably to ordinance; that the street in front of defendant's property was macadamized; that the city engineer, under the authority of the charter and the ordinances of the city, apportioned and -charged for such macadamizing to the defendant the sum of one hundred and twenty-eight dollars and seven cents; that this sum was apportioned in proportion to the front feet of the lot owned by him; that the city collector made demand of payment.

The defendant set up the unconstitutionality of the amendment to the charter, and put in issue the alleged compliance with the requirements of the ordinances of the city. At the trial the court excluded the said amendment to the charter on the ground that it was unconstitutional. The court also excluded the ordinances of the city passed under said amendment. The plaintiff thereupon took a nonsuit, with leave, &c.

*Hall*, for appellant.

I. The amendment to the charter authorizing the city to macadamize streets at the expense of adjoining property owners, and to apportion that expense according to the front feet of the adjoining property, is constitutional. (Inhabitants of Palmyra v. Morton, 25 Mo. 594; Egyptian Levee Co. v. Hardin, 27 Mo. 495.) The court erred in refusing to admit evidence of the contents of the lost advertisement. Under the law the plaintiff had the right to have the streets macadamized and to make the adjoining owners of lots pay for the same. If the work were done in such way that the city was liable therefor, then it matters not whether it was let out to contract or not, nor whether it was done according to contract or not, still the city has the right to collect the money to pay for the work from the adjoining property owners. It is true, the law authorizes the city to do said work in such manner as the city ordinances prescribe, and the city ordi-

nances require said work to be let out to contract. But the city ordinances also require such work to be done under the supervision of her engineer, and if that officer accepts the work so as to bind the city, then the work has been done according to law, although the city engineer may not have strictly performed his duties. The only question is, has the work been done so as to make the city liable to pay for it? If it has been so done, then the adjoining property owners must furnish the means of payment.

*Gardenhire*, for respondent.

I. The act of November 21, 1857, amending the charter of the city of St. Joseph is unconstitutional. It applies private property to public use without just compensation; authorizes property subject to taxation to be taxed, not in proportion to its value, but by the front foot, irrespective of value; and in effect substitutes the will of a municipal corporation for that of the real estate owner in improving his own private property. It is not within the case of Lockwood v. City of St. Louis, 24 Mo. 20, because the tax in that case was levied upon the application of a majority of the owners of real estate in the district to be drained, and was limited to one-half of one per cent. on the assessed value of the real estate; nor the case of the Inhabitants of Palmyra v. Morton, 25 Mo. 593, because but one of the objections mentioned was decided in that case—namely, that to make the owners of lots adjacent to a street pay for its improvement was no violation of the constitution, leaving the mode of distributing the tax among the owners, whether in proportion to value or by the front foot, untouched; nor the case of the Egyptian Levee Co. v. Hardin, 27 Mo. 495, because in that case the amount was limited to so much per acre and was improved by the consent of the owners, each having a vote for every forty acres of land he had to be drained. There are but two grounds upon which it is insisted that the law in question is constitutional. One is that it imposes a tax upon benefits, and the other that property need not be taxed in proportion to value for local purposes. What benefits were taxed in

this case ?  Any conferred by the corporation ?  The lot
owner was required to improve the street in front of his lot
and pay for it.   Its benefits, then, were conferred by himself.
What is the difference between such benefits and benefits
resulting from building a mill or making other improve-
ments on the lot, so far as the question of taxation is con-
cerned ?   The first the lot owner is forced to confer upon
himself and incidentally benefits the public ;  the last he con-
fers voluntarily, and without benefit to the public.   But
were the benefits direct and peculiar or general ;  (Newby v.
Platte county, 25 Mo. 258;) and if general, could they be
taxed ?   And could the corporation determine this—say, be-
fore the work was done—that the benefits would be direct and
peculiar, and precisely equal to the cost of the work ?  If prop-
erty need not be taxed in proportion to value for local pur-
poses, then what is a local purpose ?   May a tax on property
by the acre or foot be raised to build a court-house, a mar-
ket-house ?   And what is the difference between these and a
street ?   The petition is bad.   (Andrea v. Heinritz, 19 Mo.
310.)   The petition does not show that the work was let to
the lowest bidder upon two weeks' notice, stating the nature
of the work, the place where specifications might be seen,
the time when bids would be opened, and that no bid would
be received unless the person offering to take the contract
enclosed with his proposal the obligation of himself and a
responsible person binding themselves to pay to the city two
hundred dollars in case the bidder should refuse to take the
contract should it be awarded to him.   These are among the
requirements of the charter and ordinance, and are of sub-
stance, and must be shown to have been strictly pursued.
The charter and ordinance constitute a power of attorney
authorizing the corporation to act as the agent of defendant,
and it must be shown to have been followed.

NAPTON, Judge, delivered the opinion of the court.

The principal point upon which this case is brought here
has been several times before this court.   In the case of In-

35—VOL. XXX.

habitants of Palmyra v. Morton, 25 Mo. 594, and Egyptian Levee Co. v. Hardin, 27 Mo. 495, and Gantt v. City of St. Louis, 25 Mo. 505, the question was discussed and determined. The judgment of the court of common pleas must therefore be reversed.

Upon the trial of this case, all the evidence offered by the plaintiff was excluded. This course was taken, we presume, upon the ground that the act of the legislature authorizing the city authorities of St. Joseph to cause the streets of the city to be paved at the expense of the proprietors of the adjoining lots was unconstitutional, and therefore all evidence to show that the plaintiff had followed the provisions of this act and the ordinances passed under its authority was regarded as nugatory by reason of the invalidity of the law. We consider it unnecessary therefore to examine the evidence in detail.

It is suggested, however, that the plaintiff must aver and prove a strict compliance with all the provisions of the ordinances which were passed by the city corporation to carry into effect the object of the law, and that unless it is shown that every requisition of the ordinances has been fulfilled the defendant is not liable. It can not be doubted that a substantial compliance with the law is essential to entitle the plaintiff to recover, but we are not inclined to think that the plaintiff need be prepared to prove that all the formalities which the city ordinances may prescribe have been observed. The object of these by-laws is to secure a faithful execution of the work and at fair prices. They are directory in their character. If the end is attained, it can not be of much importance how it has been reached. If the work has been done and in a manner satisfactory to the officer entrusted with its supervision, and has been received by the corporation and paid for, a *prima facie* case, we should think, is made out.

Undoubtedly, the defendant may show that there has been neglect of duty on the part of the authorities entrusted with the execution of the work, and if this neglect or omission

has injured him, such facts may constitute a defence. But we can not anticipate the course which the case may take. We have thrown out these general suggestions, because of intimations from the counsel that such questions were likely to arise.

Judgment reversed and cause remanded. The other judges concur.