CITY OF ST. LOUIS TO USE OF JAMES CREAMER, Respondent, *v.* JAMES CLEMENS, JR., Appellant.

*Appeal from St. Louis Law Commissioner's Court.*

*Farish,* for respondent.

*Gardner,* for appellant.

---

CITY OF ST. LOUIS TO USE OF McGRATH & CAHILL, Respondent, *v.* JAMES CLEMENS, JR., Appellant.

| 36 | 467 |
| 31a | 198 |
| 36 | 467 |
| 37a | 485 |
| 36b | 467 |
| 115 | 569 |
| 36b | 467 |
| 64a | 210 |
| 36b | 467 |
| 146 | 564 |

1. *Constitution—Special Tax.*—Cases of Egyptian Levee Co. v. Hardin (27 Mo. 495), and City of St. Joseph v. Anthony (30 Mo. 539), affirmed.
2. *Practice—Answer—Counter-claim.*—Where the answer sets up new matter by way of counter-claim, to which no demurrer or reply is filed, the defendant is entitled to have a judgment by default entered upon the counter-claim.
3. *Practice—Parties.*—In a suit by the City of St. Louis to the use of the contractor, to recover the amount of a special tax levied for the improvement of a street under act of 1855, p. 25, the city is the substantial plaintiff, and a defence which would be good against the city will be available against its assignee.

City of St. Louis to use McGrath et al. v. Clemens.

4. *City of St. Louis—Special Tax—Lien.*—The right to charge the real estate fronting upon a street improved under the act March 6, 1855, (Adj. Sess. Acts 1855, p. 25, § 6) with a lien for the amount of work done, does not depend upon the completion of the contract for the whole of the work ordered, but only upon the completion of the work in front of the property to be charged.

5. *Practice—City of St. Louis—Special Tax—Judgment.*—The suit against a party to recover the amount of a special tax levied under the act of March 5, 1855, p. 25, § 6, is a suit *in personam*, and authorizes a general judgment for the amount of the tax and interest as well as a special judgment against the property.

*Appeal from St. Louis Circuit Court.*

*Gardner* and *Hamilton*, for appellant.

I. The judgment is irregular and erroneous on its face. If the defendant was personally liable to any extent, and that liability could be made available in a proceeding, the avowed object of which was to enforce a lien on realty, the realty itself declared to be charged should have been directed to be exhausted before resorting to the property of the defendant generally for the deficiency. The relief granted by the judgment in this case was not in accordance with the case made by the petition. The only relief sought or prayed for in the petition is, that the amount of the several bills be adjudged a lien on the property, and that a special execution be awarded to enforce the same. The judgment on the other hand, as the record shows, is a general judgment against the defendant, with execution against his property, with the peculiarity that it is not to be levied on this particular property, "unless no sufficient property of the defendant can be found to satisfy the same," thus, as it were, virtually exempting it from sale under the execution, although adjudged to be charged with the lien.

II. The defendant in his answer claims damages growing out of the same contract, or transaction, set forth by the plaintiff as the foundation of his action. This claim should have been replied or demurred to, and upon the plaintiff's failing to comply with the statute in this particular, the defendant was entitled to his judgment (2 R. C. p. 1233, §

13 & 16) as against the city; beyond doubt the defendant was entitled to damages for the injury he had sustained. (City of St. Joseph v. Anthony, 30 Mo. 540; 2 Hill. on Torts, 511, et seq.; Cavanaugh v. City of Brooklyn, 38 Barb. Sup. Ct. 237.) Nor is a set-off necessarily confined to the party in interest. (Driggs v. Rockwell, 11 Wend. 504 & 510.)

III. If there should be any doubt in the mind of the court as to the propriety of the defendant's claim for damages in the form of a set-off, or counter-claim, still it was error in the court below to exclude the evidence offered by the defendant to prove his damages, as he had an undoubted right to prove them up in the way of recoupment, especially as the plaintiff had full notice of the matter of defence by the statements in defendant's answer. (Barb. Set-off, p. 26; Gobel v. Jacoby, 5 Serg. & Ra. 122; Ives et al. v. Van Epps, 22 Wend. 155; House v. Marshall, 18 Mo. 373; Sedg. Dam., 3d ed., 452.)

*Mauro,* for respondent.

I. The court below did not err in refusing defendant judgment by default on his pretended counter-claim. While some of the allegations contained in it might, if substantiated, afford grounds of defence, they do not amount to, or constitute a counter-claim under the statute. 1. They do not constitute a cause of action arising out of the contract or transaction set forth in the petition, or connected with the subject of the action. The subject of the action is the special tax bill sued on. The only contract referred to is between the city and McGrath & Cahill, and the defendant is not a party to it. 2. The allegations do not constitute a cause of action arising out of a contract. 3. The claim set up is for unliquidated damages in nowise arising out of a contract.

II. The court did not err in refusing to permit the defendant to prove that the common council ordered the work at the instance of persons not owning property in the vicinity of the improvement. McGrath & Cahill, the contractors,

are not responsible for the actions of the council, and much less for the motives which prompted those actions.

III. After the admission made by the defendant, the court properly refused to permit defendant to prove the facts sought to be established by the witness Oakes. It is admitted that McGrath & Cahill faithfully complied with the terms of their contract with the City of St. Louis, and that the work was done according to the terms of their contract. That was their whole duty. With the necessity for the work, and the manner it affected the property of defendant, they are in nowise connected. The city is not liable, and surely McGrath & Cahill cannot be. (City of St. Louis v. Gurno, 12 Mo. 414; Lambar v. City, 15 Mo. 610.)

IV. The act is constitutional, because the principle invoked has been so well settled against the defendant, that it is not now subject to dispute. (Lockwood v. City, 24 Mo. 20; 4 Comst., N. Y., 420, & Appendix, 609; Palmyra v. Morton, 25 Mo. 598; City of St. Joseph v. Anthony, 30 Mo. 539.)

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon certified special tax bills for the cost of grading, macadamizing, guttering and curbing O'Fallon street, between Twenty-fourth and Twenty-fifth streets, in the city of St. Louis, under the act of January 16, 1860. The petition was in the usual form, and the facts stated in it were proved. The answer denied all the material allegations of the petition, and set up as a special defence, or counterclaim, a demand for damages done to the property of the defendant, by reason of the negligent, unskilful, careless and improper manner in which the work in question was done. To this reference there was no reply nor demurrer. On the trial, the defendant asked for a judgment by default on this defence, and for an inquiry of the damages. The court refused to give such judgment by default, and the trial proceeded. Some evidence was offered by the defendant tending to support this defence. But at the same time it was

admitted that he did not propose to prove that the work had not been done, so far as it was done, according to the contract, nor that the stipulations of the contract, so far as the work had proceeded, had not been fully complied with on the part of the contractors ; and this evidence was excluded. There was also evidence tending to show that the whole work contracted for had not been completed, the progress of the work having been stopped by the city authorities, though that part of the work which fronted on the defendant's property had been finished. Several instructions were refused for the defendant, and there was a general judgment against the defendant for the amount of the tax bills, with fifteen per cent. interest added ; and further, that " if no sufficient property of the defendant can be found to satisfy the same, then the residue thereof to be levied out of the above described property charged with the lien thereof."

The appellant raises these points :

1. That the judgment is illegal, irregular and erroneous. 2. That there should have been a judgment by default on the special defence. 3. That the evidence excluded on this defence should have been admitted. 4. That the plaintiff could not recover unless the whole work contracted for had been completed ; and, 5. That the act itself was unconstitutional.

All question of the constitutionality of acts of this nature must now be considered as settled by the repeated adjudications of this court in similar cases. (Egyptian Levee Co. v. Hardin, 27 Mo. 495 ; City of St. Joseph v. Anthony, 30 Mo. 537.)

The refusal of the court to give judgment by default on the special defence, or counter-claim, for want of a reply, demurrer, or any other answer, was clearly erroneous. The defence was such as would constitute a separate cause of action by itself. It was not a mere traverse of the matter stated in the petition, but a substantive and independent special defence containing new matter. It was a counter-claim by way of recoupment of damages against the plain-

tiff. It would have been a good defence to the action if proved. The city is, in such cases, the substantial plaintiff, though the suit is brought to the use of the contractor, who is to receive the money when recovered. As the assignee of the city he stands in her place, and any defence that may be good against the city, on that demand, will be good against him as well. This defence arose out " of the same transaction as that set forth in the petition, as the foundation of the plaintiff's claim," and was "immediately connected with the subject of the action" (R. C. 1855, p. 1233, § 13); and if this defence had been established, it would have been a complete rebuttal of the *prima facie* case of liability on the part of the defendant which the plaintiff had shown. It was held in the case of the City of St. Joseph v. Anthony, (30 Mo. 537,) that such negligence, or unskilfulness on the part of the civil authorities entrusted with work of this kind, if the defendant were injured thereby, might constitute a defence. (Lambar v. City, 15 Mo. 610.) At any rate, there should have been a reply, or a demurrer, or a judgment by default, on this part of the answer; and if the case had required it, there would have been a writ of inquiry of the damages. (R. C. 1855, p. 1233, § 16.) But here the plaintiff was in default, and he might therefore very properly have been compelled to proceed with the inquiry of damages, on the same trial, unless he could show cause for a continuance of the case. Evidence was admitted upon this defence, though no issue upon it had been made up.

In the exclusion of the testimony of the witness Oakes, we do not see that there was any error, when there was no proper issue on which it could be offered. The city had power to make such improvements, and to enter into contracts for such work; and if the contract were faithfully performed, and the work was done according to contract, it is not apparent how this evidence could have tended to support the defence. We do not say, however, that the city could not make contracts and direct work of this kind to be done, or that it could not have been done in an unskilful

and improper manner, or in such a way as to render the city liable for damages; and if it clearly appeared that the evidence was offered for this purpose, and tended to prove the issue, we think it should have been admitted.

The sixth and seventh instructions asked by defendant were rightly enough refused. The right to charge the property with the lien, under this act, does not depend upon the completion of the whole work contracted for, but only upon the completion of the work which is charged against the property of the defendant. In this respect the act differs from the act concerning sewers.

It is objected that a general judgment was rendered against the defendant *in personam*, when it should have been *in rem*, only against the property. The act itself makes no special provision with regard to the form of the judgment. It provides only that the contractor may proceed to collect the bill by ordinary process of law. The tax is to be a lien on the property, and the bill is to be made out and certified in the name of the owner. He is to be required to pay the tax; he is made liable for the amount of the bill; and he must be a party to the suit. The court must have jurisdiction both of the party and the subject matter. A judgment is the conclusion of law upon the facts proved, or admitted by the parties, or upon their default in the course of the suit. (2 Tidd's Prac. 930.) Judgments rendered in any court of record are a lien on the real estate of the defendants situated in the county, (R. C. 1855, p. 902, § 2,) and the execution is to be in conformity with the judgment (R. C. 1855, p. 735, § 1), and it is to be a *fieri facias* against the goods and chattels and real estate of the parties against whom the judgment is rendered. (*Ibid.*) The facts which are to be proved or admitted, in these cases, are such as will warrant a judgment to be rendered against the parties defendant. That judgment must be general like any other; as such, it is a lien against the real estate of the defendant from the time of its rendition, by virtue of the general law concerning judgments, and it will authorize an ex-

ecution to be issued in the usual form; but besides the lien of the judgment in general, there is in these cases a specific tax lien on the lot of ground in question which exists from the date of the assessment, and this lien is also to be enforced. The judgment must therefore be a general judgment *in personam*, and also a judgment *in rem* against the property charged with the tax lien; and the execution should be in conformity with the judgment. Such was the judgment rendered in this case, and we think it was in conformity with law.

The defendant excepted to the exclusion of evidence offered to show that the owners of the property on this street had never petitioned for this improvement. The city has power to make these improvements in all cases "where the city council shall deem it necessary," as well as upon a petition of the majority of the owners. (Act of March 5, 1855, § 3.) It was therefore wholly immaterial whether there was a petition in this case, or not.

For any thing we can see, the action of the court below in the matter of the default, and the defendant's counterclaim or special defence, being erroneous, may have prejudiced the rights of the defendant. The judgment will therefore be reversed and the cause remanded, with leave to the plaintiff to reply, or demur, and for a new trial in conformity with this opinion.

Judge Wagner concurs; Judge Lovelace absent.

*C. G. Mauro*, for respondent.