JOHN NEENAN, Respondent, *v.* FRED. W. SMITH, Appellant.

1. *Revenue — Special tax-bills — Collection — General judgment.* — Under a statute which provides that the city engineer shall assess the cost of certain street work against the adjoining property fronting the work done, and that the bill therefor shall be delivered to the contractor, "who shall proceed to collect the same by ordinary process of law in his name, and each certified bill shall be a lien against the lot of ground described therein," the contractor is not entitled to a general judgment and execution against the owner

of the land. The term "ordinary process of law" does not mean ordinary personal judgment and execution, but such a process as is adopted to enforce a lien or specific charge upon the property specially assessed. (City of St. Louis v. Clemens, 36 Mo. 467, overruled.)

2. *Statute, construction of — Reference must be had to object of the statute.—* In construing a statute reference must be had to its object, and it will not be presumed that the Legislature attempted to authorize a proceeding unreasonable in itself, unless the intention is indicated in express terms.

3. *Description — Recorded map — Metes and bounds.—* A recorded map is evidence of courses and distances, but must yield to actual measurement and to the actual location of the lines.

4. *Special tax-bills — Assessment — Construction of statute.—* The requirement of a statute that "each lot shall be charged in proportion to the frontage thereof" does not contemplate that the work in front of each lot shall be necessarily charged to that lot, but the amount of the whole work shall be ascertained, and each lot shall be charged in the proportion that its frontage bears to that of all the lots.

*Appeal from Buchanan Court of Common Pleas.*

*F. Van Waters, Hall & Oliver,* and *B. F. Loan,* for appellant.

I. The causes of action in this case rest upon an exercise of the taxing power. From necessity this power must be limited in its extent to the value of the property upon which it is exercised ; there is nothing beyond on which the power can act. (City of Carondelet v. Picot, 38 Mo. 131.) The certified accounts read in evidence are not *prima facie* evidence that the defendant is indebted to the plaintiff in the several sums of money therein set forth. (City of Carondelet v. Picot, *supra.*) The fifth section of the amended charter of the city of St. Joseph, approved February 8, 1865 (Rev. Ord. City of St. Joseph, pp. 47–8), among other provisions contains the following : * * * "And each certified bill shall be a lien against the lot of ground described therein," * * * and " shall, in any action brought to recover the amount thereof, be *prima facie* evidence that the work and materials charged in such bill have been furnished, and the liability of the person therein named as the owner of such property." The true construction of the latter clause is to make said certified bill *prima facie* evidence of the liability of the person therein named as owner, in a suit to enforce the lien given in the first clause, to the extent of his ownership in such lot and no further. No gen-

eral judgment can be given in this case upon which an execution could be sent to another county in this State, and the defendant's property sold to pay a tax assessed against property in this city for the improvement of its public thoroughfares.

II. The improvement of the public thoroughfares of the city at the expense of the owners of the adjacent property is the exercise of a naked power. Its requirements must be strictly pursued before any rights under it can be acquired. No presumptions are indulged in of their proper performance, and he who would invoke the aid of this authority to maintain a suit in court must show that it has been exercised within the limits and in the manner prescribed by the act of its creation. (Haegele v. Malinckrodt, 46 Mo. 577; Shehan v. Gleeson, *id.* 100.)

III. Work is charged for and certified in the bills that was done on Eighth street. Eighth street is not included in the contract, and by the official map of Smith's addition to St. Joseph, which contains block 22 and which was given in evidence, Frederick avenue does not extend into Eighth street, but commences on Felix street. The words in the contract, "Frederick avenue from Eighth to Ninth streets," did not extend the work across Ninth street, but limited the work on the avenue to Ninth street.

IV. The map filed by Smith, of the addition which contained block 22, was conclusive as to the location of said block, and of the streets, alleys and avenues which run through or were adjacent to said block.

*Woodson, Vineyard & Young,* and *Vories & Vories,* for respondent.

The certified bills sued on were properly read in evidence. They were made out by the proper officer, were proper in form, were proved to be genuine, and were by law made *prima facie* evidence in the cause. (Sess. Acts 1865, p. 435, §§ 4, 5; City of St. Louis v. Oeters, 36 Mo. 456; City of St. Louis v. Coons, 37 Mo. 44; City of St. Louis v. Armstrong, 38 Mo. 29; City of St. Louis v. Bernoudy, 43 Mo. 552; Shehan v. Gleeson, 46 Mo. 100.) The map is not conclusive as to the size of the lots and the length of streets if it was proved to be incorrect by actual measurement.

BLISS, Judge, delivered the opinion of the court.

In a suit to collect certain bills for macadamizing a section of Frederick avenue, in St. Joseph, the plaintiff recovered a general judgment against the defendant, with an order of special execution against the several lots adjoining the improvement according to the engineer's assessment against them, and with the further order that if the lots shall not sell for sufficient to pay the amount of the judgment, a general execution shall issue against defendant's other property. This judgment is alleged to be erroneous, and for the reason that in assessing a special tax upon city lots for local improvements the tax is a charge upon the lots merely, and a judgment for its amount cannot be enforced by a personal execution.

The proceeding was instituted under section 5 of an act to amend the charter of St. Joseph, passed February 8, 1865 (Sess. Acts 1865, p. 435), which provides that when the work is completed the engineer shall assess the cost as a special tax against the adjoining property fronting upon the work done, each lot to be charged in proportion to the frontage, etc., and shall make out a certified bill against each lot, in the name of the owner, to be " delivered to the contractor for the work," who shall proceed to collect the same by ordinary process of law in his or her name, etc., and each certified bill shall be a lien against the lot of ground described therein.

The plaintiff bases his right to a general judgment and execution upon the express authority given him as contractor to collect the certified bills by ordinary process of law in his own name, and were this an ordinary indebtedness the deduction would be a sound one; but in construing a statute reference must be had to its object, and it will not be presumed that the Legislature intended to authorize a proceeding unreasonable in itself, unless the intention is indicated in express terms.

There is a broad distinction, and one of universal recognition, between the foundation upon which is based the right of general taxation for governmental purposes and that which supports the rights of local assessments. The authority to impose either is

referred to the taxing power; but the object of one, as giving the authority, widely differs from that of the other.

All taxation is supposed to be for the benefit of the person taxed. That for raising a general revenue is imposed primarily for his protection as a member of society, both in his person and his property in general, and hence the amount assessed is against him, to be charged upon his property, and may be collected of him personally. But, on the other hand, local taxes for local improvements are merely assessments upon the property benefited by such improvements, and to pay for the benefits which they are supposed to confer; the lots are increased in value, or better adapted to the uses of town lots, by the improvement. Upon no other ground will such partial taxation for a moment stand. Other property held by the owner is affected by this improvement precisely and only as is the property of all other members of the community, and there is no reason why it should be made to contribute, that does not equally apply to that of all others.

The sole object, then, of a local tax being to benefit local property, it should be a charge upon that property only, and not a general one upon the owner. The latter, indeed, is not what is understood by a local or special assessment, but the very term would confine it to the property in the locality; for, if the owner be personally liable, it is not only a local assessment, but also a general one as against the owner. The reasonableness of this restriction will appear when we reflect that there is no call for a general execution until the property charged is exhausted. If that is all sold to pay the assessment, leaving a balance to be collected otherwise, we should have the legal anomaly—the monstrous injustice— of not only wholly absorbing the property supposed to be benefited and rendered more valuable by the improvement, but also of entailing upon the owner the loss of his other property. We cannot, therefore, approve the interpretation given below to the statute. The term " ordinary process of law " cannot mean ordinary personal judgment and execution, but such process as is adapted to enforce a lien or specific charge upon the property specially assessed. A contrary view, in construing a similar statute, is held in The City of St. Louis v. Clemens, 36 Mo. 467;

but we are not satisfied with the reasons upon which that view is based, and must consider that this point was not then sufficiently considered. (See same case in 49 Mo. 552.) The construction given above is not only more reasonable, but I greatly doubt whether the Legislature has the power to authorize a general charge upon the owner of local property which may be assessed for its especial benefit, unless the owners of all taxable property within the municipality are equally charged. As to all property not to be so specially benefited, he stands on the same footing with others; he has precisely the same interest, and should be subject to no greater burdens.

The record also shows an error in the amount of the work charged the defendant, in this: that he is charged with work as beginning in the center of Eighth street. The recorded map, which evidences the dedication of the street, shows that Felix and Eighth streets cross at right angles, and that Frederick avenue commences upon Felix and runs northeast diagonally through block 22, which contains the lots assessed; the northerly line of the avenue commencing at the point of intersection of Felix and Eighth, and the southerly line further east on Felix. The custom, then, of apportioning the macadamizing at street-crossings cannot affect the defendant in this case, so far as Eighth street is concerned, for Frederick avenue does not touch it, but ends upon Felix street before it is reached. Where there is a street-crossing, the space of intersection belongs to both streets, and the work should be apportioned accordingly; and perhaps where one street commences upon another, the street so commencing should bear a proportion of the charge of improving the street from which it runs; as from a point in the center of the latter street, which would be in the center of the former if it in fact crossed, thence running lines to the beginning of each line of the former street, and including the work so embraced; or some other just rule might be adopted. But in the present case Frederick avenue does not touch Eighth street, and no part of the improvement upon the latter can be included in estimates for work upon the avenue. And further, Mr. Kiley had the contract for macadamizing Eighth street, and was, I suppose, paid for it. The proper

allowance for the crossing of Felix street might have been deducted, but I cannot see how any deduction could have been made for work done on the avenue. These remarks do not apply to work charged upon Ninth street, as the avenue crosses that street, and a contract to macadamize the avenue to Ninth street would necessarily include so much of that street as is properly chargeable to this section of the avenue.

The objection to showing that the frontage of the lots as actually measured differed from that noted upon the recorded plat, is not well taken, and the claim that the latter alone should govern the estimates, is unsound. The recorded map is evidence of course and distance, as would be the calls in a conveyance; but, like the latter, must yield to actual measurements and to the actual location of the lines.

It should be remarked that in making local assessments for work of this kind, the requirement of the statute that " each lot shall be charged in proportion to the frontage thereof," does not contemplate that the work in front of each lot shall be necessarily charged to that lot; but the amount of the whole work shall be ascertained, and each lot shall be charged in the proportion that its frontage bears to that of all the lots. (The City of St. Louis v. Clemens, 49 Mo. 552; Cooley on Const. Lim. 507–8.)

The judgment will be reversed and the cause remanded. The other judges concur.