—————o—————

BENJ. W. ROGERS, Respondent, vs. THE CITY OF ST. CHARLES, et al., Appellants.

1. *Dedication of land to the public—Subsequent condemnation.*—A dedication for an alley by acts *in pais*, being usually uncertain of proof and inclusive as to the public, is no defense against a proceeding by the proper authorities to condemn the property to public uses for the same purpose.

2. *Condemnation of land, costs of—Imperfect dedication—Constitutionality.*— There is a manifest hardship in compelling a property owner to pay the costs of a condemnation in which he gets nothing beyond the benefits derived from the improvement. But, *semble,* that there is no constitutional obstacle to this in a case where the owner, having undertaken, and still intending, to dedicate, yet refuses to sign a relinquishment which would make his imperfect dedication conclusive, and so avoid the proceedings.

### *Appeal from St. Charles Circuit Court.*

A special ordinance of the city of St. Charles directed the opening of an alley across the rear of plaintiff's lot. An existing general ordinance provided, that in condemnation proceedings for streets, alleys, &c., all costs should be paid by the parties againts whom damages (benefits) were assessed. Another provision exempted from such payment of costs the owners in a block who should execute voluntary relinquishments to the city. All the lot owners in the block executed such relinquishments, excepting the plaintiff, who refused to do so upon request, alleging that he had already thrown open the alley, and had executed deeds to private parties, in which the alley was made a descriptive boundary, and therefore no further act of relinquishment was necessary. The other facts and proceedings are set forth in the opinion of the court.

*T. F. McDearmon and E. A. Lewis,* for Appellants.

I. The Court erred in overruling defendants' demurrer. The petition shows on its face, that the proceedings were conducted and consummated by a tribunal which had jurisdiction over the subject matter and over his person, and yet that he voluntarily made no defense or objection before that tribunal. The matter was *res adjudicata.* (Ewing vs. City of St. Louis, 5 Wall., 413.)

II. If it were true, as alleged, that plaintiff had already dedicated the alley, that fact would have been, as much as in any other place, a ground of defense against the condemnation proceedings. The petition shows that he failed to make it there, and by that means effectually waived it.

III. Plaintiff's acts amounted to no dedication, except as between himself and his grantee. There was no dedication which the corporation could claim or act upon in the public interest. (Becker vs. City of St. Charles, 37 Mo., 13; Washb. Eas., 141-2, 148-9, 151, 153; 2 Greenl. Ev., 662; State vs. Carver, 5 Strobh., 217; People vs. Beaubien, 2 Doug. (Mich.), 256; Bissell vs. R. R. Co., 26 Barb., 634; Badeau vs. Mead, 14 Barb., 328.)

*Lackland & Broadhead,* for Respondent.

I. The alley had already been dedicated to public use, and actually opened and used as such by the public, for four years prior to the commencement of the condemnation proceedings. It was unnecessary for the respondent to sign a deed of relinquishment to make the dedication complete. The dedication was already complete and irrevocable. (Rose vs. The City of St. Charles, 49 Mo., 509.; Stacey vs. Miller, 14 Mo., 478; Hannibal vs. Draper, 15 Mo., 634; McKee vs. City of St. Louis, 17 Mo., 184.)

II. There is no power in the charter or ordinances of St. Charles to tax costs of condemnation proceedings against the party whose property is taken; and if there was, it would be unconstitutional, because to the extent of the costs it would be taking private property for public use without compensation. (Sess. Acts 1869, p. 142.)

Napton, Judge, delivered the opinion of the court.

This is a proceeding to enjoin the collection of ($16.60) sixteen dollars and sixty cents — and the sale of plaintiff's lot under an execution issued by the city of St. Charles against the plaintiff, in accordance with a verdict and judgment rendered in certain proceedings for the condemnation of an alley over the lot. The grounds, on which the aid of the court is invoked, are, that the execution was illegal and that a sale under it, though voidable, would cast a cloud on plaintiff's title. The injunction was granted and made perpetual.

It appears from the pleadings and evidence in this case, that the authorities of St. Charles desired to open an alley adjoining the lot of plaintiff and others; and that the marshal applied to all those who owned lots on it for a relinquishment to the city of their title; that they all signed the relinquishment except plaintiff, who declined for the reason, as he said, that he had already dedicated that portion of his lot within the limits of the contemplated alley to the public use, and that his deed of relinquishment was, therefore, unnecessary. The city authorities instituted proceedings for its condemnation,

duly apprising him of the proceedings; to which, however, he paid no attention; and ultimately these proceedings result-ed in a verdict, that the value of his ground was seventy-five dollars and the benefits he received were seventy-five dollars, and, upon this being ratified by the recorder, execution issued against plaintiff for sixteen dollars and sixty cents for the costs.

There are no serious objections to the formality of these proceedings; the whole ground, upon which the plaintiff puts the invalidity of these proceedings, is, that they were unnces-sary, inasmuch as he had already dedicated the ground to public use; and to sustain this he produced evidence to show he had fenced his lot with reference to such dedication, and had sold other lots in the same way.

We think there is no force in this point. A dedication by acts *in pais*, or by parol, may be a very good and sufficient one; but such matters are necessarily of uncertain proof, and what amounts to a dedication is by no means beyond litiga-tion. It was for the city authorities to decide, whether this proceeding was necessary or not, and as the plaintiff refused to make the relinquishment when applied to for this purpose, it was right and expedient that the matter should be settled in a more conclusive way than by mere declarations and acts of plaintiff.

The only difficulty in the case, to our minds, is the consti-tutional right of the city to make the plaintiff pay the costs of the proceeding. It seems to be conceded, that the ordi-nance required that the costs should not, in cases of opening alleys or paving streets, be charged to the city, but should be paid by the adjoining lot holders, doubtless for the reason that they were assumed to have a special interest in such improve-ments over and above other citizens or the city at large. The ordinance justified the execution for costs against plaintiff, since the former ordinance had exempted the other lot owners who relinquished voluntarily, and as the city was not liable, the plaintiff necessarily was charged with them, if the provi-sions of the ordinance were carried out.

We confess it looks rather hard for a man to have his lot condemned, without any compensation except in benefits, and be made to pay the costs of the proceedings. As the plaintiff, however, could have avoided all this difficulty by simply signing a relinquishment to land which he insists he had already relinquished, the hardship on him is of his own seeking.

We think the judgment should be reversed, and it is reversed. The other judges concur.

## MOTION FOR RE-HEARING.

Respondent filed a motion for review and re-hearing, upon which briefs were submitted, with the following points and authorities:

*Lackland & Broadhead*, for Respondent.

I. Has the city the constitutional right to take a man's property for public use, and make him pay the costs of the proceeding? Respondent was not bound by any law, or by any obligation whatever, to sign a deed of relinquishment to the city. To take his property against his consent, and then charge him with the costs of the proceeding, is in derogation of common right and the constitution; because it detracts from and diminishes the "just compensation," which he is entitled to. The owner is in no default or *laches*, and is liable to no penalty of costs, as in an ordinary suit. (N. Mo. R. R. Co. vs. Reynal, 25 Mo., 534.)

II. No authority is expressed in the city charter for a taxation of costs against the land owner. A corporation can exercise no power but what is given in the terms of the charter, and every doubt of its authority must be solved against the corporation. (Dill. Mun. Corp., 102–104, and notes; 576, 605; Sess. Acts, 1869, p. 151.)

*E. A. Lewis*, for Appellants.

I. The constitutional right to "just compensation" for pri-

vate property taken for public use, is like all other constitutional rights, which may sometimes require expenditures in costs to secure their enforcement. There is no rule of law, that a party defending upon or asserting a constitutional right shall be necessarily exempted from liability for costs. Two distinct rights are equally recognized by the constitutional provision: One in the government to "take" the property for public use, and another in the owner to have compensation therefor. The proceeding in condemnation is an assertion by the authorities of their constitutional right to take the property. It might be claimed in their behalf, that to tax them with costs would be to exact of them something more than the "just compensation" to the owner, which is the only constitutional condition imposed. Litigation on the part of the owner, in these cases, usually consists in his denial of the right of the authorities to take his property as they propose to do—whether by reason of insufficient "compensation." or for other causes which equally assail their constitutional claim. The issues being finally determined for the authorities, the statutory provision prevails to the effect, that "in all civil actions or proceedings of any kind the party prevailing shall recover his costs." (W. S., 343, § 6.)

Motion overruled.