JAMES CREAMER, Respondent, *v.* NATHAN D. ALLEN, Appellant.

### April 24, 1877.

1. A special tax bill is merely *prima-facie* evidence, does not determine the rights of the parties, and any statements made therein are subject to rebuttal.

2. It is not the duty of the city engineer, under section 12, page 480, Session Acts of 1870, in making out a special tax bill for the construction of a sewer, to give upon the face of the bill a detailed description of the methods by which he proceeded, the process of computation, or to state what he did in the language of the statute, and negative its exceptions; but, if the computation or method of assessment is not according to the statute, the defendant may show it.

3. The amount assessed against a lot as a special tax for the construction of a sewer must be in that proportion to the whole charge which the area of the lot charged bears to the area of the whole sewer district.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*S. Holmes* and *C. H. Chapin*, for appellant, cited: Carroll *v.* Eaton, 2 Mo. App. 479; Warren *v.* Grand Haven, 30 Mich. 24; City of St. Louis to use *v.* Clemens, 49 Mo. 554; Sess. Acts 1870, pp. 478, 480, 481, secs. 1, 12, 14, 15; Skrainka *v.* Allen, 1 Mo. App. 387; Zoeller *v.* Kellogg, St. Louis Court of Appeals.

*Matthew O'Reilly*, for respondent, cited: Haegele *v.* Mallinckrodt, 3 Mo. App. 329; Neenan *v.* Smith, 60 Mo. 292; Seibert *v.* Allen, 60 Mo. 486; Roger *v.* City of St. Charles, 54 Mo. 232.

HAYDEN, J., delivered the opinion of the court.

This is an action upon two special tax bills for constructing a sewer on Compton Avenue by authority of an ordinance approved June 16, 1873, under which the city engineer of the city of St. Louis let out to the plaintiff the construction of district sewers in Compton Avenue Sewer District, No. 21, between Morgan Street and Franklin Avenue and Garrison and Channing Avenues. The petition

is in the usual form, and the answer puts in issue its material allegations. There was a trial before the court below, sitting as a jury, and a finding for the plaintiff, and judgment for the amount claimed against the respective lots. At the trial the plaintiff offered in evidence the tax bills, certified by the city engineer, and marked as registered and countersigned by the comptroller of the city, to the admission of which the defendant made numerous objections. These were that, in the bills, the city engineer did not certify that as soon as the district sewers were fully completed he computed the cost thereof; or that he assessed the whole cost against all the lots of ground in the district, respectively; or that he made any assessment of the whole cost of the sewers; and that nothing is said in the tax bills about the exclusion of highways and improvements. The tax bills in this case show the number of the block, the description of the property, the number of feet front, the number of feet deep, the area of square feet, the total cost of · the sewer, the rate per hundred square feet, and the amount. The certificate is to the effect that the work was done and materials furnished as described in the bill, by the contractor named; and that the rates and price are correctly stated; that the aggregate cost was thereby and by law charged and assessed as a special tax and lien upon the property described, in favor of the contractor; and that for the payment and discharge of the lien the said Allen, the owner of the property, is liable, etc. The provisions which direct how the city engineer shall proceed are contained in the 12th section of the act to revise the City Charter of St. Louis, which is to be found in Session Acts of 1870, page 480, section 12. This section provides, among other things, that, "as soon as a district sewer is fully completed, the city engineer shall compute the whole cost thereof, and shall assess it as a special tax against all the lots of ground in the district, respectively, without regard to improvements, and in proportion as their respective areas bear to the area of the whole district, exclusive of the ·

public highways, and said officer shall make out a certified bill of such assessment against each lot in the district, in the name of the owner thereof, which shall be collected and paid in the manner hereinafter prescribed," etc. The statute thus directs how the engineer shall proceed and what he shall do ; it nowhere states that there shall appear on the face of the tax bill a detailed description of the methods or processes by which he proceeded, or that he shall state what he did in the language of the statute, and negative its exceptions. The argument is that because the word "such" is used in referring to the assessment, and the word "said" is employed to designate the tax bill, these words imply that everything should appear on the face of the tax bill that the statute has directed to be done in reference to the assessment. With as much reason might it be argued that, because the word "said" is used in the section to designate the officer, if the statute prescribed certain qualifications of the officer, these also should appear on the face of the tax bill. What was stated by this court in the case of *Haegele* v. *Mallinckrodt (ante*, p. 329), though that case arose under the Charter of 1867, is applicable to these objections. The *dicta* of the learned judge who delivered the opinion in *Carroll* v. *Eaton*, 2 Mo. App. 479, were there distinctly disapproved, and the difference commented upon between a paper which is made merely *prima-facie* evidence and a certificate which would determine the rights of parties. That difference is palpable ; yet the arguments of the appellant as to the construction to be placed upon provisions of the act of 1870 almost entirely ignore it. The process of computation is not required to appear in the tax bill, but if the computation or method of assessment is not according to the statute the defendant is at liberty to show it. If the whole cost was not computed, or the property was not charged with its proper proportion according to the whole work, as provided by the statute, the defendant may show it, and so far rebut the *prima-facie* case made by the tax

bill. *City of St. Joseph* v. *Anthony*, 30 Mo. 537 ; *Risley* v. *City of St. Louis*, 34 Mo. 404 ; *Neenan* v. *Smith*, 60 Mo. 292. The objections to the admission of the tax bills in evidence were properly overruled ; and the first two instructions offered by the defendant were properly refused.

The point of the defendant in regard to the defective registration of the tax bills has been passed upon by the Supreme Court in the case of *Neenan* v. *Smith*, 60 Mo. 292. There is nothing in the act before us (Acts 1870, pp. 480, 481) which could make the provision of the 14th section mandatory, if the provision construed in that case is, as the Supreme Court has decided, merely directory. Acts 1865, p. 435, sec. 5. The fourth instruction was, therefore, properly refused.

The third instruction is to the effect that the 12th section of article 8 of the City Charter of 1870, so far as it purports to authorize the whole cost of the district sewers in Sewer District No. 21 to be assessed as a special tax upon all the lots of ground in the same district, in the proportion that the areas of the respective lots bear to the area of the whole district, instead of in proportion to the value of the respective lots, is contrary to the provisions of the 30th section of the 1st article of the Constitution of 1865. This section is, " that all property subject to taxation ought to be taxed in proportion to its value." It is too late to raise this question ; nor would it be anything but a waste of time to discuss now a matter settled beyond any doubt, not only by the decisions of this State, but by the authorities throughout the country. The rules heretofore laid down have operated to a great extent as rules of property ; and, should they be disturbed at the present day, the most mischievous consequences would ensue. *Egyptian Levee Co.* v. *Hardin*, 27 Mo. 495 ; *Lockwood* v. *City of St. Louis*, 24 Mo. 20 ; *Garrett* v. *City of St. Louis*, 25 Mo. 505 ; *City of St. Joseph* v. *Anthony*, 30 Mo. 537 ; *Powell* v. *City of St. Joseph*, 31 Mo. 348 ; *Uhrig* v. *City of St. Louis*, 44 Mo.

458 ; *City to use* v. *Clemens,* 49 Mo. 552 ; *Neenan* v. *Smith,* 50 Mo. 525 ; *City to use* v. *Allen,* 53 Mo. 44 ; *Neenan* v. *Smith,* 60 Mo. 292 ; 2 Dill. on Mun. Corp., 2d ed., secs. 481, 596, and cases cited ; Hill. on Tax. 364, 365, *et seq.;* Cooley's Const. Lim., 2d ed., 496 *et seq. cc.;* Cooley on Tax. 146, 147, 422 and note 3, 428.

The defendant contended on the trial, and gave evidence tending to show, that the sewer was constructed partly on land of the defendant, Allen, that would be included in Franklin Avenue ; that a portion of defendant's northern line was included in Franklin Avenue, as proposed to be taken by the opening of that avenue, and that proceedings had been instituted by the land commissioner to open Franklin Avenue as prescribed by ordinance No. 4724, which was in evidence ; that these proceedings were prosecuted to a verdict and judgment, then taken by *certiorari* to the Circuit Court, and that their validity was still in litigation ; that the land in question had never been dedicated by defendant, nor permission given to the city to construct a sewer there. In rebuttal, the plaintiff gave evidence tending to show a dedication by public user. The court below having found as to the fact, the evidence will not be weighed here. The points of the appellant, on this head, necessarily assume that there was not any evidence ; and several instructions were asked on this theory. But the record shows the contrary. On his cross-examination the defendant, Allen, testified that the land was not fenced ; that Franklin Avenue had been left open there, and that people passed over it and used it ; that some part of it had been graded and the hollows filled up, and that there had been graveling where his land was. The plaintiff testified that when he was making the excavation for the sewer he came across sewer-pipe which had been laid in Franklin Avenue ; that the street was open at the point of land in controversy, and people passed over it ; that, when he built the sewers, there was either gas or water-pipe laid in Franklin Avenue in this

district, opposite to the defendant's property. The institution and pendency of the proceedings to open the street at this point did not estop the plaintiff from giving parol evidence tending to show that there had been a dedication. *Rogers* v. *City of St. Charles*, 54 Mo. 229. Besides, the defendant undertook to show by parol that there had not been a dedication. From the views expressed, it follows that the fifth, sixth, seventh, and eighth instructions offered by the defendant were properly refused.

There is no error in the proceedings such as to warrant a reversal, and the judgment of the court below will be affirmed. All the judges concur.