———o———

JOSEPH UHRIG, Respondent, *v.* THE CITY OF ST. LOUIS and FRANCIS ROMER, Appellants.

1. *Revenue — Street opening, tax assessments concerning — Constitutional construction of statute.*—It is the settled doctrine in this State that the special provisions of the act of March 24, 1868, amendatory of the St. Louis city charter (Adj. Sess. Acts 1868, p. 239), touching tax assessments for opening of streets, are not repugnant to the constitution. And the

decisions in this State are in perfect harmony with the whole current of adjudications in other States.

2. *Revenue — Street opening — Tax of ten per cent. against the city of St. Louis, constitutional.*— The particular provisions of the act of March 24, 1868 (Adj. Sess. Acts 1868, p. 239, § 3), limiting the assessments for street opening, against the city of St. Louis, on account of the general benefit to be derived therefrom, to ten per cent., are lawful. The levy of the assessment upon adjoining property-owners is an exercise of the taxing power; and the Legislature, in the exercise of this power, was at liberty, in its discretion, to impose the whole burden of the cost of the proposed improvements upon them. And so it might, in its discretion, limit or extend the district to be taxed, and thus increase or diminish the sum to be paid by any particular proprietor. The imposition of a portion of the tax, not exceeding a tenth, upon the city at large, is to that extent a relief to the adjoining property-owners, and not a hardship furnishing grounds of complaint.

3. *Revenue — Ordinance for opening Washington avenue valid, although condition therein might be null.*— The ordinance enacted under the act of March 24, 1868 (Adj. Sess. Acts 1868, p. 238), providing for the widening of Washington avenue at the junction of Jefferson avenue, in the city of St. Louis (ordinance 6,507), is valid, even though the condition thereto annexed—which provided that the ordinance should be null in case the Lindell Railway Company should not, within a limited time, indemnify the city, etc. — should be held invalid.

## *Appeal from St. Louis Circuit Court.*

Uhrig, being the owner of a lot of ground on Washington avenue, brought this suit to enjoin the collection of benefits assessed against his property for the opening of a part of said avenue. The city council passed an ordinance for the opening of part of that avenue, and the land commissioner called a jury to assess the damages suffered by those whose property was proposed to be taken, and also assess benefits to pay those damages—part of which benefits were assessed against the city, and the residue against the adjoining proprietors, of whom plaintiff was one.

The bill sets up as grounds of relief: 1st, that the city charter, which provides that not more than ten per cent. shall be assessed against the city, for benefits to the public at large, is unconstitutional and void; 2d, that the ordinance under which the assessment was made is void, because it contained a condition that it should be null unless the Lindell Railway Company, within ninety days, gave bond to pay the damages (benefits) which might be assessed against the city for the opening of the street; 3d, that

the verdict was irregular and void, because the jury assessed the value of the land proposed to be taken, and, in addition thereto, assessed the value of the improvements on the land.

The court made the injunction perpetual, and defendants bring the case here by appeal, after unsuccessful motions for a new trial and in arrest.

*Reber*, city counselor, for appellants.

I. The plaintiff's remedy is at law, and not in equity. (Ewing v. City of St. Louis, 5 Wall. 413 ; Mayor of Brooklyn v. Meserole, 26 Wend. 132 ; Haywood v. City of Buffalo, 4 Kern. 537 ; Scott v. Onderdonk, *id*. 9.) The remedy of plaintiff is not by injunction, but trespass, if the proceedings are void ; or by *certiorari*, if irregular. Injunction does not lie to restrain sheriff's sale on the ground of cloud. (27 Mo. 428.)

II. The provision of the statute requiring the city to pay not more than ten per cent. of the damages is constitutional. The power to assess benefits against the owners of property is not referable to the right of eminent domain, but to the taxing power ; and it is discretionary with the Legislature to impose the whole or any part of the cost of opening or improving streets on the neighboring proprietors, as it chooses ; and it may extend or limit the district to be taxed as it may choose, and thus diminish or increase the sum that any particular person is obliged to pay. (Sedgw. on S. & C. Law, 501–2 ; 18 Penn. St. 26 ; Parks v. Boston, 8 Pick. 218–228 ; The People v. Mayor of Brooklyn, 4 Comst. 418 ; Newby v. Platte County, 25 Mo. 258 ; White & Garrett v. City, *id*. 505.)

III. The condition of the ordinance may be void, but the ordinance itself is not vitiated thereby. (17 Mo. 529 ; City of St. Louis v. Alexander, 23 Mo. 513, 514.)

IV. There is no double or improper assessment or finding of the value of the property proposed to be taken.

V. The benefits, as they are called, or the amount which owners of adjacent property have to contribute to pay for the property taken, is a tax ; and taxes are or may be always levied without special notice to the payers thereof.

*Woerner & Kehr*, for respondent.

I. The proper proceeding in this case is injunction. 1. Courts of equity will grant relief in all cases in which a wrong is threatened by inferior boards or tribunals of special jurisdiction. (Am. Ins. Co. v. Fisk, 1 Paige, 90; Frewin v. Lewis, 4 Myl. & C. 254; Simpson v. Lord Howden, 3 *id.* 99; Belknap v. Belknap, 2 Johns. Ch. 463; Burnett v. Cincinnati, 3 Ohio, 73; Anderson and Wife v. Hamilton County, 12 Ohio St. 635; Oakley v. Treasurer of Williamsburg *et al.*, 6 Paige, 262; Whitlock v. Duffield, 2 Edw. 366; Scofield v. Lansing, 17 Mich. 447.) 2. The writ of *certiorari* affords no adequate remedy. (R. C. 1825, pp. 155, 228, 398; R. C. 1835, pp. 129, 280; R. C. 1845, p. 243; R. C. 1855, p. 443; Gen. Stat. 1865, p. 688; Alleyn v. Commissioners of Schodock, 19 Wend. 342; People *ex rel.* Porter v. Rochester, 21 Barb. 656; Houston v. Orr, 1 Mo. 582; Boren v. Weltz, 4 Mo. 250; Hann. & St. Jo. R.R. v. Morton, 27 Mo. 317.) 3. The courts of Missouri have invariably recognized the right to the remedy by injunction in parallel and similar cases. (Lockwood v. The City of St. Louis, 24 Mo. 20; Hann. & St. Jo. R.R. v. Morton, 27 Mo. 317; Risley v. The City of St. Louis, 34 Mo. 404; Fowler v. The City of St. Joseph, 37 Mo. 228; Farrar v. City of St. Louis, case No. 6,452, St. Louis Circuit Court, October term, 1866; Washington University v. Rowse, 42 Mo. 308.)

II. Special tax laws are unconstitutional. (Const. Mo., art. IV, § 1.) 1. It is of the essence of law that it be permanent and uniform in its scope and operation; otherwise it is null. (Domat's Civil Law, Prel. Book, tit. I, § 1, XXI; 1 Blackst. Com. 44; 1 Bouv. Inst. 78; Sharpless v. Mayor of Philadelphia, 9 Har. 148; Grimm v. Weissenburg School District, 7 P. F. Smith, 437; Crow v. The State, 4 Mo. 264.) 2. But the act under consideration is neither general nor uniform; it violates the constitution, and is an unauthorized usurpation of power by the General Assembly. (Van Horn's Lessee v. Dorrance, 2 Dallas, 304; Sutton's Heirs v. City of Louisville, 5 Dana, 28; Rice v. Danv. & Lane Turnpike Co., 7 Dana, 81; City of Lexington v. McQuilliam's Heirs, 9 Dana, 513; People v. Mayor of Brooklyn,

6 Barb. 209; James River & Kanawha Co. v. Turner, 9 Leigh, 313; Woodfolk v. Nash. & Chat. R.R. Co., 2 Swan, 422; Const. Mo., art. IV, § 27.) 3. The act is in violation of the constitutional inhibition against taxing property otherwise than according to its value (Const. Mo., art. I, § 30), and also of that provision of the constitution which requires that no property shall be exempt from taxation. (Const. Mo., art. XI, § 16.)

III. The law discriminates against private property-holders in favor of the city at large, in limiting the amount to be assessed against the city to one-tenth of the whole tax levy.

IV. In limiting the amount to be assessed against the city, the Legislature has usurped judicial power.

V. The act is against the plain spirit of the declaration of rights, because it provides for a trial without notice, before an officer acting as a judge between the parties while he is in the employment of one of them; and because it gives to one of the parties the power to annul the judgment, while the others are bound thereby.

VI. The ordinance upon which the proceedings are based is void. It was not passed by the authority which alone has power to pass ordinances for the city. (Barton v. Nimrod, 8 N. Y. 433; Clark v. City of Rochester, 18 N. Y. 605; Parker v. Commonwealth, 6 Barr. 507; Rice v. Foster, 4 Har. 479; Maize v. The State, 4 Ind. 342, affirmed in 7 Ind. 635.)

VII. The land commissioner had no authority to instruct the jury as he did in this case. 1. His instruction was erroneous in law. 2. He had no power to instruct on questions of fact. (Merritt et al. v. Given et al., 34 Mo. 98; Turner v. Lohr, id. 461; Moffat v. Conklin, 35 Mo. 453.) 3. The land commissioner is no judge with common-law powers, and can not instruct at all. (Chamberlain v. Brown, 2 Doug. 120, note.)

VIII. The jury gave double damages in assessing first the value of the land, and then the value of the component parts of the land, allowing damages for both.

IX. There was no authority, under the act, to assess or render judgment against any of the parties, except the city, for the cost of the proceeding before the land commissioner.

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to enjoin the collection of an execution issued by the St. Louis land commissioner against the plaintiff, for the amount of benefits assessed against him, as accruing from the opening of a portion of Washington avenue, in the city of St. Louis. It is alleged that the assessment was irregular and illegal, the illegality consisting in the supposed unconstitutionality of all laws which assume to impose or authorize special tax levies, and in the special provisions of the act of March 24, 1868. (Adj. Sess. Acts 1868, p. 239, § 3, amendatory of the St. Louis city charter.) The main point insisted upon is that these special tax assessments are repugnant to the provisions of the constitution. This proposition has been pressed upon our attention with thoroughness and ability, but the argument comes too late. So far as this State is concerned, the question must be treated as settled in opposition to the views maintained by the plaintiff's counsel. And the decisions here are in perfect harmony with the whole current of adjudications in other States. (Garrett v. City of St. Louis, 25 Mo. 505 ; Newby v. Platte County, 25 Mo. 258 ; Lockwood v. City of St. Louis, 24 Mo. 20 ; Risley v. City of St. Louis, 34 Mo. 404 ; People v. Mayor of Brooklyn, 4 Comst. 419, and see appendix on p. 607 and following, where the authorities on this subject are fully collected.)

It is insisted, however, in the case at bar, that the assessment against the plaintiff was illegal because of the particular provision of the act of March 24, 1868, limiting the assessment against the city, on account of the general benefits, to ten per cent. of the sum total of the damages assessed. This point has been argued upon the theory that the assessment of benefits is not a legislative but a judicial act.

The levying of the assessment was an exercise of the taxing power. That is conceded. The Legislature, therefore, in the exercise of this power, was at liberty, in its discretion, to impose the whole burden of the cost of the proposed improvement upon the neighboring proprietors to be benefited thereby; and so it might, in its discretion, limit or extend the district to be taxed,

and thus increase or diminish the sum to be paid by any particular proprietor. The imposition, therefore, of a portion of the tax, not exceeding a tenth, upon the city at large was to that extent a relief to the adjoining property-owners, and not a hardship furnishing grounds of complaint. (Sedg. on S. & C. Law, 501–2; 18 Penn. St. 26; Parks v. Boston, 8 Pick. 218; 4 Comst. 418, *ubi supra*, and cases cited.)

But it is insisted that although the law were unobjectionable, still the ordinance enacted under it is void by reason of the condition thereto annexed, which provides in substance that the ordinance shall be null in case the Lindell Railway Company should not, within a limited time, indemnify the city against its share of the anticipated assessments, or assume the payment thereof.

In 18 Penn. St. 26 (the Hancock street case), the statute provided that in case the benefits did not equal the damages for property taken in the extension of the street, the street should not be opened; and no objection was taken on that ground.

In Parks v. Boston, 8 Pick., it was held that the taking of a bond from an individual to contribute to the expense of the proposed improvement did not vitiate the proceeding. But the condition of the ordinance may be rejected as void, while the residue of the enactment remains in force, unaffected by the condition. (State v. Field, 17 Mo. 529.)

In The City and County of St. Louis v. Alexander, 23 Mo. 484, it was held that a condition at law was valid. The objection to the ordinance is not well taken.

Various objections have been urged against the regularity of the proceedings under the ordinance. These objections are of a technical character, and there is no equitable merit in the complaint founded upon them. The verdict does not warrant the construction of a double assessment of damages attempted to be put upon it. There is nothing to indicate any unfairness in the transaction. The proceedings conformed substantially to the law and the ordinance under which they were had. The law and the ordinance being unobjectionable, it is not claimed that the plaintiff's property was not subject to assessment, or that it was

assessed relatively higher than that of other parties within the inscribed limits.

The judgment must therefore be reversed and the petition dismissed. The other judges concur.