———o———

STATE OF MISSOURI, *ex rel.* JOHN S. CAVENDER, Appellant, *vs.* THE CITY OF ST. LOUIS, *et al.*, Respondents.

1. *Statutes, construction of—City of St. Louis, charter of—Opening streets—Assessment of benefits to the city.*—The provision of the charter of the City of St. Louis, providing that not more than ten per cent. of the benefits accruing from the opening of a street shall be assessed against the City, is valid. [Uhrig vs. City of St. Louis, 44 Mo., 458, affirmed.]

2. *Land Commissioner—Charter of City of St. Louis—Ordinance—Jury, selection of.*—The charter of the City of St. Louis provided that the benefits accruing from the opening of streets should be ascertained by the Land Commissioner by a jury, by proceedings prescribed by ordinance, and an ordinance of the City directed the Mayor of the City to furnish the Marshal summoning

the jury, with the names of proper persons. *Held,* that a jury so procured was a legal jury, but the Land Commissioner was not required to receive such jurors, unless they were competent and qualified.

*Appeal from St. Louis Circuit Court.*

*Samuel A. Holmes,* for Appellant.

The obvious intention of the law, is to place with the Land Commissioner the selection and impanneling of the jury. (Sess. Acts 1870, p. 478, Art. 8, §§ 1, 2.)

The City Council had no power to deprive the Land Commissioner of the right of selection, and to vest it in the Mayor. Every party interested in the proceeding had the right to have the jury selected under the Land Commissioner's process, from the whole body of those qualified to serve as jurors. (People vs. Brighton, 20 Mich., 57; 8 Penn. St. R., 445; 18 Barb., S. C., 451; 16 Ohio, 181.)

*E. P. McCarty,* for Respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the Circuit Court by *certiorari,* to correct certain alleged errors of the Land Commissioner of the City of St. Louis in the matter of opening Lucas Avenue. Some of the points argued by the counsel for the appellant in this court were not raised on record nor brought to the attention of the court below, and will therefore not be noticed here.

The only objections taken to the proceedings before the Land Commissioner, were: 1st. Because so much of the Act of the General Assembly, entitled "An Act to revise the charter of the City of St. Louis, and to extend the limits thereof, approved March 4th, 1870, as provides that the amount of benefits which may be assessed against said city shall not be more than one-tenth of the whole damages awarded, is unconstitutional, against common right, and null and void.

2nd. That the judgment of the said Land Commissioner against the relator and his property, and the execution by him thereupon issued, are without authority of law, and null and void.

3rd. Because the jury impanneled in said proceedings, were not selected and impanneled by said Land Commissioner according to law, but by the Mayor of said City of St. Louis, in pursuance of said Ordinance No. 7047, and that said ordinance is null and void.

4th. Because the benefits assessed by the jury in said proceedings against the relator and others, were assessed in pursuance of the erroneous and unlawful instructions of 'the said Land Commissioner to the jury to the effect that the balance over and above what they might assess against the city, they should assess against the owners of the property benefited including the property of the relator, whether they might be benefited to the extent of said balance or not. And that in no event could they find more than ten per cent. of the damages against the City of St. Louis."

As to the first objection, that the law was unconstitutional, because it provided that not more than ten per cent. of the benefits should be assessed against the city, it is only necessary to remark, that that question was directly presented to this court in the case of Uhrig vs. The City of St. Louis, (44 Mo., 458,) and the law was sustained, and held to be entirely valid.

The second point raised is vague and general in its nature, and makes no specific objections, and it is not perceived that it was intended to include anything more than was comprehended in the first.

The third objection relates to the mode of impanneling the jury. The charter provides in reference to opening streets, that where it "becomes necessary for that purpose to take private property, just compensation shall be paid therefor to the owners of such property, which the Land Commissioner shall cause to be ascertained by a jury of six disinterested freeholders of the city, by proceedings prescribed by ordinance." (Sess. Acts 1870, p. 478, § 1.)

The city passed an ordinance to the effect, that whenever the City Council shall authorize and instruct the Land Commissioner to open any street it shall be the duty of the Mayor

to furnish to the City Marshal summoning the jury for such proceedings, the names of good and respectable freeholders. as required by the City Charter.

It must be observed that the law does not point out who shall summon the jury, or make the selection. But it leaves the whole matter, as to regulating the proceeding, to be prescribed by ordinance.

We may think that it was unwise, but we cannot therefore say that it was illegal.

When the jury was impanneled by the Land Commissioner, it was his duty to see that they were good and unexceptionable men, and if the first list furnished was objectionable, then others could have been obtained. •

The ordinance only required the Mayor to select and furnish the names, but it imposed no duty on the Land Commissioner to receive them, unless they were men entirely competent and qualified. The selection might with more propriety have been committed to the Land Commissioner himself, and so the Legislature seems to have thought, for by a subsequent act they altered the law, taking the selection of the jury out of the hands of the Mayor, and giving it to the Land Commissioner.

At best the law as it stood when these proceedings were had, was perhaps unwise and inexpedient, but that would not authorize us in saying that it was wholly void.

The only answer that it is necessary to give to the fourth objection is, that it does not appear from the record that the Land Commissioner gave to the jury any instructions at all

An examination of every point raised by this record, satisfies us that there is no error.

Judgment affirmed. The other Judges concur.