B. F. THOMAS, Appellant, v. HOOKER-COLVILLE STEAM PUMP COMPANY, Respondent.

**St. Louis Court of Appeals, April 20, 1886.**

1. SPECIAL TAXES—MEANING OF, HOW DETERMINED.--The term "special taxes" is a technical phrase, the meaning of which must be determined by the context of the instrument in which it is used.

2. ——— ASSESSMENT.—A covenant to pay "all taxes, general and special," assessed against certain property, *prima facie* includes an assessment levied on the property to pay for the reconstruction of an adjoining street.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

M. L. GRAY, for the appellant: Assessments for street reconstruction are special taxes. Cooley on Tax., ch. 20, p. 416 ; Rev. Stat., p. 1585, sect. 26 ; p. 1608, sect. 18 ; *Newby v. Platte County*, 25 Mo. 258 ; *Garrett v. St.*

*Louis*, 25 Mo. 505 ; *Uhrig v. St. Louis*, 44 Mo. 458 ; *Neenan v. Smith*, 50 Mo. 525 ; *Farrar v. St. Louis*, 80 Mo. 378.

J. L. & F. P. BLAIR, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of the defendant, upon a demurrer to the plaintiff's petition. The petition states in substance, that in December, 1882, the plaintiff and the defendant entered into a written contract of lease, whereby the defendant as lessee, covenanted, among other things, with the plaintiff, as lessor, to pay all taxes, including taxes for 1883, both general and special, which might be assessed or levied against the property let, during the term of said lease, the last tax to be paid being in 1892. That the city of St. Louis, under authority of its charter and ordinances, and during the term of the lease, caused the street in front of the property let to be reconstructed with granite blocks, the cost of which work was, under the provisions of said charter and ordinances, chargeable upon the adjoining property as a special tax. That the special tax thus assessed against the property let was $521.05. That this amount the plaintiff was compelled to pay for the protection of his own property, and thereupon demanded from the defendant a repayment of the same as due by the terms of the lease. That the defendant refused to repay said amount to the plaintiff.

Thus the only question presented is, whether the words "*taxes both general and special,*" as used in this contract between the parties, include an assessment made for the reconstruction of the street. The trial court held that, as a matter of law, the term did not cover an assessment made for such purpose.

The respondent contends that this view is correct. That this assessment is neither a general nor special tax.

That the term *special tax* can, in the nature of things, mean only one thing and can not have different meanings when used in different connections. That the supreme court in the case of *Farrar v. St. Louis* (80 Mo. 379), decided that an assessment of this character was not a special tax within the purview of section six, article ten, of the constitution, and, therefore, it could not be a special tax for any purpose.

The vice of this argument is apparent. The laws of this state, and the charters of the city of St. Louis, have expressly designated assessments of this character as special taxes, both before and after the adoption of the constitution. Laws 1867, p. 74, sect. 11 ; Laws 1870, p. 457, sect. 11 ; Rev. Stat. 1879, sects. 4528, 4782, 4887, 4942 ; 2 Rev. Stat. 1879, p. 1608, sects. 18, 24, 25, 26. The supreme court and this court have frequently designated similar local assessments as special taxes, and their assessment as an exercise of the taxing power. *Newby v. Platte Co.*, 25 Mo. 258 ; *Garrett v. St. Louis*, 25 Mo. 505, 509 ; *Uhrig v. St. Louis*, 44 Mo. 458, 463 ; *Neenan v. Smith*, 50 Mo. 525, 529 ; *Adams v. Lindell*, 5 Mo. App. 197, 212.

These facts, of themselves, would indicate that the term special taxes may properly include assessments of this character. Nor does the case of *Farrar v. St. Louis*, *supra*, purport to decide that these assessments are not a legitimate exercise of the taxing power, or that such assessments are not special taxes, but simply that they are not taxes within the purview and meaning of the constitutional limitation.

The argument, therefore, that the term " special taxes" in this lease can not receive a meaning, other than that assigned by the supreme court to the same term in the constitution, must fail, in view of the fact, that such different meaning of the term when used in other connections has been sanctioned by the legislature and by the courts alike. It is, in fact, an argument that

a certain thing can not be done, with propriety, where the facts demonstrate that it has frequently been done, with propriety, heretofore.

In what sense the parties to this instrument used the term, must be determined as a matter of fact. The covenant is that of the defendant, and he is *prima facie* liable, because the term can and has frequently been used, with propriety, to include assessments of this character. If these words, when inserted in instruments of this nature, have, by common usage, or the interpretation put upon them generally by parties entering into similar contracts, received another and different meaning than the meaning contended for by the plaintiff, it is incumbent upon the defendant to show that fact by answer.

All the judges concurring, the judgment is reversed and the cause remanded.