BENJAMIN F. THOMAS, Respondent, v. HOOKER-COLVILLE STEAM PUMP COMPANY, Appellant.

### St. Louis Court of Appeals, January 17, 1888.

1. PRACTICE, APPELLATE—POINTS NOT PROPERLY SAVED.—Objections to rulings on the admissibility of evidence, and to the giving of instructions, which were not presented in the motion for a new trial, will not be considered on appeal.

2. PRACTICE—LATENT AMBIGUITY—DEMURRER TO EVIDENCE.—Where there is a latent ambiguity in a contract which may be explained by evidence of what the parties intended, if the successful party has introduced evidence of the agreed intention, and the other party has offered none, the question of interpretation of such ambiguity will not be considered as raised by a general demurrer to the evidence.

3. ——— FORMER APPELLATE RULINGS. — Decisions upon points made on a former appeal in the same cause will be considered the law, as to such points, in the present hearing.

4. CONTRACT—INTERPRETATION—USAGE.—A custom or usage of interpretation, as affecting particular words in a contract, must, in order to bind a party, be of general acceptation in the community, or must at least have existed long enough to have grown up.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

JAMES L. BLAIR, for the appellant: This court expressly said that the question in this case was, the sense in which the parties to the instrument used the term, "special taxes," yet, the circuit court tried this case upon the theory that what was in the minds of the parties was immaterial. The circuit court did not, therefore, try this case in accordance with the decision of this court, and for that error appellant contends the circuit court should be reversed. *Thomas v. Steam Pump Co.*, 22 Mo. App. 8. There are many gen-

eral customs in every community which are not absolutely universal, and come under the head of "custom of merchants." The law is, that if it is a general custom, everybody in that community is presumed to know it when concerned in a transaction where that custom prevails. Absolute knowledge of that custom is entirely unnecessary to charge a party, nor is it necessary that it should be universal. While the rule is that an appellate court will not disturb the verdict of a jury if there be any evidence to support it, yet, there is a difference when the case is tried by the court sitting as a jury, and where all the testimony is before the appellate court, as in this case. In such cases, the evidence may be weighed, and in this case there can be no doubt that the great preponderance of evidence is with the appellant.

M. L. Gray, for the respondent : This court will not consider the rulings of the trial court in admitting or excluding evidence for the reason that appellant in its motion for new trial did not specify these rulings as error. *Curtis v. Curtis*, 54 Mo. 351; *Acock v. Acock*, 57 Mo. 154; *Saxton v. Allen*, 49 Mo. 417; *Brady v. Connelly*, 52 Mo. 19; *Carver v. Thornhill*, 53 Mo. 285; *Vineyard v. Matney*, 68 Mo. 105. The finding or verdict of the lower court as a jury will not be reviewed by this court. *Hamilton v. Boggess*, 63 Mo. 251–2; *Gaines v. Fender*, 82 Mo. 509. The instructions given at plaintiff's request were proper. The first instruction gave defendant the full benefit of this court's decision in regard to common usage or interpretation put upon the words, "special taxes," generally, by parties entering into similar contracts. The evidence fails to show or establish any common usage, etc., as to the meaning of the words, "special taxes," different from what was claimed by plaintiff, or if there was such evidence, there was also evidence tending to sustain plaintiff's interpretation, and on this conflict of evidence the trial court, as a jury, has passed and found for plaintiff,

and this court will not review that finding. *Hamilton v. Boggess*, 63 Mo. 251–2 ; *Gaines v. Fender*, 82 Mo. 509. Appellate courts will not consider new points not raised in or passed on by the court below. *Wheeler v. Ins. Co.*, 6 Mo. App. 235, 241 ; *Leisse v. Schwartz*, 6 Mo. App. 412, 415 ; *Walker v. Owen*, 79 Mo. 563, 568 ; *Whetstone v. Shaw*, 70 Mo. 575, 580. The judgment below should be affirmed with damages.

ROMBAUER, J., delivered the opinion of the court.

This case involves the liability of the defendant lessee to pay a special tax or assessment for granite reconstruction of a street, which was assessed November 1, 1884, against the property demised.

The covenant in the lease under which the liability is claimed to have arisen reads as follows : " Said lessee further agrees to pay all taxes, including the taxes for 1883, both general and special, which may be levied or assessed against said property during the term of this lease, the last taxes to be paid being 1892."

The cause was tried by the court without a jury, and judgment was rendered in favor of plaintiff. The defendant, appealing, assigns for error the improper admission and exclusion of evidence, and the giving of erroneous declarations of law. The defendant further claims that the evidence fails to support the verdict.

As in the motion for new trial no complaint is made of the rulings of the court in rejecting and admitting evidence, we cannot, with propriety, consider that complaint here. *Saxton v. Allen*, 49 Mo. 417 ; *Acock v. Acock*, 57 Mo. 154, 156 ; *Vineyard v. Matney*, 68 Mo. 105. We will, therefore, proceed to the consideration of the other errors assigned.

The complaint of the defendant that the evidence fails to support the verdict is based on what defendant claims to be the correct reading and interpretation of the covenant above recited. The defendant contends that the only correct grammatical construction of the language used is, that the lessee bound itself to pay the

general and special taxes of 1883 only, and for other years merely the general taxes; that this clause ought to be made to read as if the words, "including the taxes of 1883, both general and special," were included in brackets. The utmost that can be claimed in support of that view is, that some latent ambiguity arises owing to the faulty grammatical construction of the sentence. If so, evidence was admissible as to what interpretation the parties contracting put upon it at the time they entered into the contract. The president of the defendant, who was one of the active parties contracting, testified on defendant's behalf, and was silent on this subject. The plaintiff's agent, who was the other active party, and who testified for plaintiff, gave evidence as to the understanding had at the time, that all taxes, both general and special, assessed during the entire term, were included by the terms of the covenant. In that state of the evidence the point now made could not be saved by a general demurrer to the evidence, and that is the only way it was attempted to be raised, if at all, upon the trial of the cause.

When the case was last before us (22 Mo. App. 11), we said, among other things: "The only question presented is, whether the words, 'taxes, both general and special,' as used in this contract between the parties, include an assessment made for the reconstruction of the street." We also said: "In what sense the parties to this instrument used the term (special tax) must be determined as a matter of fact. The covenant is that of the defendant, and he is, *prima facie*, liable, because the term can and has frequently been used with propriety, to include assessments of this character. If these words, when inserted in instruments of this nature, have, by common usage, or the interpretation put upon them generally by parties entering into similar contracts, received another and different meaning than the meaning contended for by the plaintiff, it is incumbent upon the defendant to show that fact by answer."

The case *then* before us presented the sole question

whether the defendant was liable to pay this assessment under the terms of the covenant above recited, the execution of the lease and levy of assessment being admitted. In deciding that the petition setting out these facts stated a good cause of action, we necessarily decided that the assessment or tax was, *prima facie*, within the terms of the covenant, and that the defendant was, *prima facie*, liable to pay it. According to settled rules the decision then made is the law of the case, and the first instruction given for plaintiff is strictly in conformity with the law as thus established.

The second instruction given for the plaintiff is as follows:

." Any usage, or interpretation, that the words, special taxes, did not cover the tax bill sued for, will not avail against plaintiffs or their testator, B. F. Thomas, unless such usage or interpretation were known to said Thomas at the making of said lease, or were so well established and universal that his knowledge thereof can be conclusively presumed."

This declaration of law would be correct enough if the matter under investigation had related to a general custom or usage in the community, but as it relates only to a particular class, namely, conveyancers, and those engaged in the letting of real estate, the second part of the declaration is too broad. *Fitzsimmons v. Academy*, 10 Mo. App. 594; s. c., 81 Mo. 37. It is evident; however, that, under the evidence, the declaration was necessarily harmless. All the witnesses concur that what is known as "granite reconstruction" is of recent date, and that prior to the execution of this lease it was a very rare thing, if known at all.

Now it is essential that before a usage, general or special, can become a custom so as to enter into and form a part of a contract, there must have been time for it to grow up. *Ober v. Carson*, 62 Mo. 209. As this essential element of the proof was wholly missing in the evidence adduced by defendant, and as the burden of

proof on that subject was with the defendant, no declar-
ation of law could be prejudicial to it.

It results that none of the assignments of error
made by defendant are supported by the record. Judg-
ment affirmed. All concur.