CITY OF ST. LOUIS to use of HENRY BRUENNELL, Respondent,
vs. VALENTINE BRESSLER, Appellant.

1. *Practice, civil—Conflict of evidence.*—In civil law cases, questions of conflicting evidence will not be reviewed by the Supreme Court.

2. *Special tax bills—Judgment on, should be special.*—Judgments in suits upon special tax bills should be special—against the property charged with the lien—and not a personal or general one.

*Appeal from St. Louis Circuit Court.*

*M. L. Grey,* for Appellant.

*F. & L. Gottschalk,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Action on a special tax bill (instituted before a justice of the peace,) for the construction of a sewer in Arsenal street sewer District, No. 1. The contract in this case, on which the tax bill is based, was entered into July 30, 1868, under Ordinance No. 6607, (approved July 3, of that year,) to establish the above mentioned district, and to provide for the construction of sewers therein. This ordinance having failed to give the dimensions of the sewer to be thus constructed, Ordinance No. 6854 was approved March 23, 1869, to remedy the defect, and supply the omission. And the chief controversy in the case was, as to whether the work under the contract was completed prior, or subsequent, to the passage of the last named ordinance. As on this point there was conflicting evidence, the matter is not open to review here. It was a question of fact, not of law, and as the court, sitting as a jury, found for Bruennell, to whose use this suit is brought, the finding was evidently based on the theory contended for by plaintiff, that the amendatory ordinance, prescribing the dimensions of the sewers, was passed prior to the completion of the work,—so that, even if the declarations of law, asked by defendant and refused by the court, were entirely unexceptionable, it is not perceived that such refusal operated to his prejudice. And the evidence was conflicting also, as to whether the defendant's lot had a front of 50, or only of 41,

feet, and the court found in favor of the measurements certified by the city engineer. I am unable to discover any error in the record, save as to the form of the judgment, which should have been only a special one against the property chargeable with the lien.

In so far as the judgment is a personal and general one, it will be reversed, and that portion of it which is special, and is to be enforced against the property alone, will be affirmed. All the judges concur.