# THE CITY OF VIRGINIA

*v.*

## ROBERT HALL.

*Filed at Springfield September 25, 1880.*

1. ERROR—*presumption in favor of judgment.* The presumptions of law are in favor of the correctness of a judgment of a common law court of general jurisdiction, on error or appeal, and, unless the contrary affirmatively appears, such judgment will be affirmed.

2. SPECIAL TAXATION—*for sidewalk, not a personal tax.* The act of April 15, 1875, providing "additional means for the construction of sidewalks in cities," etc., by special taxation, in so far as it seeks to provide for a personal liability against the owner of property, is in conflict with the constitution, and void. The cost of a sidewalk constructed by a city or village, in pursuance of the provisions of such act, can not be made a personal charge against the owner of lots in front of which the same is built.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. RICHARD W. MILLS, for the plaintiff in error.

Mr. OSCAR A. DELEUW, for the defendant in error.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

The record in this case fails to show, except inferentially, upon what cause of action the plaintiff below sought to recover judgment, and, as the presumptions are in favor of the correctness of the judgment of a common law court of general jurisdiction, unless the contrary appears affirmatively, the judgment of the court below must be affirmed for this reason, if for no other.

We gather, however, from the transcript, that this probably was an appeal from a justice of the peace in a proceeding instituted to recover a personal judgment against defendant in error for the cost of a sidewalk constructed in front of

his lot by the city of Virginia, he having failed to build the same within the time fixed by an ordinance directing the making of the walk, passed by the city council in pursuance of the act of April 15, 1875, providing "additional means for the construction of sidewalks in cities, towns and villages," by special taxation. For reasons given at length in the opinion rendered in *Craw et al.* v. *The Village of Tolono et al.*, *ante*, p. 255, we have held this act to be in conflict with the constitution, in so far as it provides for a personal liability of the owner, and that the cost of a sidewalk constructed by a city or village corporation, in pursuance of its provisions, can not be made a personal charge against the owners of lots in front of which the same is built.

For this reason no recovery was authorized against the defendant for the cost of the walk, and on this ground the judgment must be affirmed.

*Judgment affirmed.*

CRAIG, SCOTT, and SHELDON, J.J.: We do not concur in this opinion.