HIGGINS v. AUSMUSS, *Appellant.*

1. **Special Taxes.** Personal property cannot be taken to pay a special tax for the improvement of real estate; and if it appear by the tax-book that the tax is for that purpose, the collector will be liable if he levies on personalty to enforce it.

2. **Alteration of Tax-Book.** A tax-book altered by the collector by the addition of an item of taxes not on it when the book came into his hands, is void as to that item, and will not protect him in enforcing its collection.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS Judge.

AFFIRMED.

*E. R. Stephens* for appellant.

*Chas. L. Dobson* for respondent.

NORTON, J.—This is an action in the nature of replevin, for claim and delivery of personal property, instituted before a justice of the peace of Linn county. Plaintiff obtained judgment before the justice, and also in the circuit court, to which the cause had been taken on defendant's appeal, and from the latter judgment defendant has appealed to this court, and assigns as the chief ground of error the action of the court in refusing instructions.

It appears from the record before us that defendant was the collector of the corporation of the city of Linneus, and was charged by an ordinance of said city with the duty of collecting all taxes placed in his hands for collection; that he gave plaintiff a receipt for railroad and city

revenue tax assessed against him for the year 1877, the tax on personal property amounting to $11, and on real estate to $9.04, making a total of $20.04. This receipt was produced in evidence by the plaintiff, and across one corner of it was written, "Balance due $8.64 as special repair tax on streets." This tax plaintiff refused to pay on the ground that it was illegal, for the reason that he had never been notified to build or repair his sidewalk, and that the repairing claimed to have been done by defendant was without authority; on plaintiff's refusal to pay this tax, defendant levied upon two cook stoves, for the recovery of which this suit was brought. The tax-book was offered in evidence, which defendant testified had been placed in his hands for collection, and the only reference made to its contents in the bill of exceptions is that "it tended to show the balance and the note or memorandum made by the marshal and collector showing $8.64 special assessed repair tax."

It is insisted that the court erred in refusing the following instructions:

1. That the collector of the city of Linneus is empowered to levy on, seize and sell personal property for the payment of taxes due and unpaid to the same for general or special purposes, and that if at the time the property was replevied by Higgins, the same was actually levied upon and seized by defendant as collector of said city for a balance of $8.64, as shown by the entries in the city tax-book as taxes due the city, or shown by the return of the collector (the defendant), the finding should be for defendant.

2. That the charter and orainances of the city being legal, and the tax-book emanating from the city council, its agents and servants, acting in pursuance of said charter and ordinances, and the tax-books being properly in the hands of the collector of the city for the enforcement of taxes due and unpaid the city, is sufficient to authorize him from the tax-book alone to enforce the payment of its

taxes by levy, seizure and sale of personal property for due and unpaid taxes, and the finding in this case should be for defendant.

There can be no question but that a tax-book emanating from proper authority, and placed in the hands of one authorized to collect the taxes therein contained when it came to his hands, would be a valid process and authorize the collector to levy upon property of a delinquent taxpayer to enforce payment, but when it appears, as we think it does in this case, that the special tax for the non-payment of which the stoves in question were levied upon, was for street or sidewalk improvements in front or opposite defendant's real estate, it did not confer upon the collector any authority to levy upon defendant's personal property, it having been held by this court in the case of *City of St. Louis v. Allen*, 53 Mo. 44, that such a special tax or assessment can only be enforced against the said real estate, and that a personal judgment for such tax against the owner is null and void, and statutes authorizing such judgments are unconstitutional. It was also so held in the case of *City of Louisiana v. Miller*, 66 Mo. 467.

Besides this, it appears from the record before us that the special tax was placed on the tax-book by defendant without authority, and the tax-book, so far as it related to the tax thus inserted in it, was void as a process or warrant, and conferred no authority on the collector to levy upon the stoves in question. In the case of *Henry v. Bell*, 75 Mo. 194, where a kindred question was involved in a replevin suit to recover a mare which had been levied upon by a collector, the owner thereof having refused to pay certain special township taxes demanded of him, it was observed, "that if the special tax had appeared upon the tax-books as originally made out and delivered to the collector, it would have been a valid process and a complete defense to the action; but the unauthorized alteration of the process after it came to his hands by the addition of the special tax      *      *      deprived it of all semblance

23—77

of authority, if any it had, so far as this special tax is concerned, and to that extent it was utterly void and affords no defense to the action."

Under either of the above views the instructions asked were properly refused, and the judgment is hereby affirmed. All concur.