Louisville, New Albany and Chicago Ry. Co. *v.* State, *ex rel.* Ward.

No. 1,112.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* THE STATE, EX REL. WARD, COMMISSIONER.

JUDGMENT.—*Railroad.*— *Drainage Lien.*— *Foreclosure of.*—*When Personal Judgment May be Rendered Against Railroad Company.*—A personal judgment may be rendered against a railroad company, in an action to foreclose a drainage lien against the railroad of the company, a sale of the road under the lien being forbidden upon the ground of public policy, and the court having the power to furnish a remedy for an existing right.

Dissenting opinion by Ross, J.

From the Lake Circuit Court.

*E. C. Field, C. C. Matson* and *W. S. Kinnan,* for appellant.

*J. W. Youche,* for appellee.

GAVIN, J.—The appellee brought suit to foreclose a drainage lien against appellant's railroad, alleging appellant's continued ownership of the road, and refusal to pay the lien. Appellant answered by a general denial. There was a trial and finding in favor of appellee, and judgment for a foreclosure of the lien. There was no order for the sale of appellant's road, but a personal judgment was rendered against the appellant for the amount of the assessment, the attorneys' fees and costs of suit.

Appellant objected and excepted to the personal judgment rendered against it, and its motion to modify the judgment by striking out this portion was overruled. Appeal was taken to the Supreme Court, and the cause transferred by order of that court to this.

It is urged that this action of the court was erroneous, because the court was not authorized to render a personal judgment against it.

It is questionable whether appellant's motion was well taken, even if counsel were correct in their general proposition, for the reason that the motion seeks to strike out the judgment for costs as well as for the amount of the general lien.    If a motion applies to several matters as an entirety, and is not well taken as to all it asks, the court may oftentimes overrule the entire motion without error, not being required to analyze and dissect the motion and sort out the good from the bad.    *Waymire* v. *Lank*, 121 Ind. 1; *Jones* v. *State*, 118 Ind. 39; *Pape* v. *Wright*, 116 Ind. 502; *DeVay* v. *Dunlap*, 7 Ind. App. 690.

We do not, however, stop to determine this question, but pass to the merits of the cause.

Appellant contested the ditch proceedings by appeal, and was defeated.    It then refused and failed to pay its assessments, and resisted in the circuit court the validity of the proceedings and its liability to pay.    It was again defeated, and now comes to this court, not controverting the justness of the assessment, nor the validity of the lien, but still endeavoring to evade its payment.    Its position is not one which entitles it to ask any favor at the hands of the court, yet it is entitled to whatever rights the law gives it.

The ordinary mode of collecting such assessments, and the mode evidently contemplated by the legislature, has been by a sale of the property benefited, when the owner refuses to pay.    The legislature plainly contemplated that railroad companies should pay their assessments. Express provision is made in the statute for giving such companies notice, and for the mode of describing their right of way.    Elliott's Sup., sections 1185–1186.

The law, by reason of considerations of public policy, takes away, in cases of railroad companies, the ordinary process of collection by sale of the property benefited. *Louisville, etc., R. W. Co.* v. *Boney*, 117 Ind. 501; *Louis-*

*ville, etc., R. W. Co.* v. *State, for Use,* 122 Ind. 443. Unless the law provides some other remedy, the company would be relieved from bearing its proper share of the burden imposed by reason of the benefit received. It is a general rule that where the law gives a right it will also furnish a remedy for its enforcement. *VanSickle* v. *Belknap,* 129 Ind. 558; *Eisenhauer* v. *Dill,* 6 Ind. App. 188, 33 N. E. Rep. 220.

To relieve the railroad company entirely from paying, would be unconscionable and manifestly unjust.

In *Louisville, etc., R. W. Co.* v. *Boney, supra,* it is expressly decided that no such result will follow from the holding that a railroad may not be sold for the enforcement of a mechanic's lien. It is said: "As it appears in the present case that the debt remains unpaid, the lien affords the basis for the exercise by a court of chancery of its flexible jurisdiction to coerce payment of the debt."

This power the trial court seems to have exercised by making an order against the appellant to pay the amount due in the form of a personal judgment. In so doing they followed the course directly approved by the Supreme Court in the case of *Louisville, etc., R. W. Co.* v. *State, for Use, supra,* wherein the railroad company appealed from a judgment to enforce a drainage lien. Judge MITCHELL, speaking for the court, says: "The court rendered judgment against the company for a certain sum, and made a decree of foreclosure and order for the sale of the right of way of the railroad through certain described sections of land in Lake county, for the satisfaction of the judgment. So far as respects the order directing the sale of the railroad, it is enough to say that it is not maintainable. The statute creates a lien upon the road, but does not authorize the body of the railroad to be sold. *Louisville, etc., R. W. Co.* v. *Boney,*

117 Ind. 501.    To the extent that the judgment fixes the amount due, and awards the right of process for its collection, it is affirmed.''

In this case the court below acted in strict conformity with the course approved by the Supreme Court in the above case, and in so doing committed no error.

Judgment affirmed.

Filed Nov. 28, 1893.

### DISSENTING OPINION.

Ross, J.—As stated in the opinion of the majority of the court, this is an action to enforce a drainage lien, and the only question presented on this appeal is whether or not, in such a proceeding, a personal judgment could rightfully be rendered against the appellant instead of a foreclosure of such lien.    It seems to be the opinion of the majority that a personal judgment can be rendered for the collection of a ditch assessment.    Whether this supposed equitable remedy is to be invoked only as against railroads, or whether it is to apply to individual persons as well, the opinion does not disclose.

The judgment of a court must be responsive to the facts proven or admitted.    And it is elementary law that no court can go outside the issues presented, and render a judgment determining other rights and privileges not involved in the controversy before it.    In courts of law, judgments are rendered which are enforcible by execution, which may be levied upon any property of the judgment defendant.    In courts of equity decrees are rendered which are enforced either by direct order of the court compelling their obedience, or by the sale of specific property decreed to be sold in case the order of the court is not complied with.    No court has authority to assume legislative powers and provide a remedy where one exists.    And it has been held that if a court, acting

solely under the authority conferred by the law, either common or statutory, and renders a judgment requiring satisfaction to be made in any other way, or by any other means, than those provided by law, the same would be stricken out, on appeal, by the Appellate Court. *Reed* v. *Eldredge*, 27 Cal. 348; *Whetstone* v. *Colley*, 36 Ill. 328; *Burling* v. *Goodman*, 1 Nev. 314; *Buchegger* v. *Shultz*, 13 Mich. 420.

There is a legal maxim which has almost become a rule of law, that for every wrong there is a remedy. But with due deference to the learned courts that have used the maxim, I beg to say that while for most wrongs there is a remedy, there are exceptions to the rule. The majority of the court say that, "Where the law gives a right it will also furnish a remedy for its enforcement." Admitting it to be true, for the purposes of this opinion, that where the law gives a right it will furnish the means by which that right may be enforced, it can hardly be said that when the legislature has created a liability, and has prescribed the means for its enforcement, that courts can furnish another and different remedy.

The appellant, as shown by the record, has enforced upon it a legal liability, not created by its own contracting or with its consent, but by operation of law. The law creating the liability provides that it shall be in the nature of a lien only, and against specific property, and that if it becomes necessary to collect the assessment, it shall be by enforcing the lien upon the tract or tracts of land assessed, and *"such judgment shall not be a lien on any other real estate belonging to the owner of such tract; nor shall any other property than the lands so assessed be sold to satisfy such judgment."* Elliott's Sup., section 1188.

It is a fundamental rule that taxes imposed upon individuals as the owners of property, either real or per-

sonal, for the maintenance of the government—State, county, or municipality, is a personal tax, but when a tax is levied for the purpose of making public improvements in the way of roads, streets, sidewalks, alleys, drains, sewers, etc., contiguous to or of special benefit to particular lands, the tax is not a personal one, but special to the specific property benefited by the improvement.

In the case of *Craw* v. *Village of Tolono*, 96 Ill. 255, the court says: "Taxation for revenue is imposed on the citizens of the State or resident of the municipal corporation, or person doing business within the jurisdiction thereof, to compel him to contribute to the maintenance of the government, State or municipal, by which his life, liberty and property or business are protected, in common with that of all other citizens and residents. This, under our system, is a personal tax, imposed upon the owners of property in proportion to the value of the property of each, and to secure its collection such tax is made a lien upon the property of the person thus taxed. It is entirely competent to declare such a tax a *personal* liability of the person so taxed. To pay it is a duty he owes to the government.

"*Not so with special taxation, for local improvements on property contiguous to the improvement.* The owner of such property is not supposed to derive any special benefit from the improvement, except so far as his contiguous property is to be benefited by the improvement. * * * Special taxation of contiguous property can no more be made a *personal* liability of the owners of the contiguous property so taxed than can a special assessment be made a personal liability of the owners of property against which an assessment is. made on account of supposed benefits."

"If there can be a personal assessment, or the owner

can be made *personally* liable for the tax thus imposed, then we have the remarkable result that for a tax which is imposed on a lot of land, upon the theory that its pecuniary value is increased by the improvement, the lot may be sold, and if there is a deficiency, the owner may be required to pay it; or, in other words, for the benefit conferred on the property, the property may be confiscated, and the owner, for the privilege of having it confiscated, may be required to pay a tax into the treasury of the city." Burroughs on Taxation, 475.

And Judge Cooley, in his work on Taxation, p. 675, says: "The levy is made on the supposition that that estate, having received the benefit of a public improvement, ought to relieve the public from the expense of making it. In such a case, if the owner can have his land taken from him for a supposed benefit to the land, which, if the land is sold for the tax, it is thus conclusively shown he has not received, and he then be held liable for a deficiency in the assessment, the injustice—not to say the tyranny—is manifest." And again, on page 676, he says: "But where and what are the benefits to the individual for which he can be called upon to pay any deficiency after a sale of the estate? Unless the whole legal basis of these assessments has been misunderstood by the courts, it would seem that there are none whatever."

In the case of *Neenan* v. *Smith*, 50 Mo. 525, the court says: "The sole object, then of a local tax being to benefit local property, it should be a charge upon that property only, and not a general one upon the owner. The latter, indeed, is not what is understood by a local or special assessment, but the very term would confine it to the property in the locality; for, if the owner be personally liable, it is not only a local assessment, but also a general one as against the owner. The reasonableness

of this restriction will appear when we reflect that there is no call for a general execution until the property charged is exhausted.   If that is all sold to pay the assessment, leaving a balance to be collected otherwise, we should have the legal anomaly—the monstrous injustice —of not only wholly absorbing the property supposed to be benefited and rendered more valuable by the improvement, but also of entailing upon the owner the loss of his other property.''

The right to assess property for public improvements is statutory, and in making such assessments the statute must be followed.   If the statute does not provide the mode for making and collecting an assessment the courts can not.   The creation of liens and their incidents is a legislative matter, and courts can not create such liens. The statute creating the lien must determine its character and the extent thereof.   *State, ex rel.*, v. *Ætna Life Ins. Co.*, 117 Ind. 251.

And if the statute creating the lien provides an insufficient remedy, or provides no remedy whatever for its enforcement, the courts can not provide a remedy.   It must come from the law-making power.   The remedy which courts are permitted to provide for the enforcement of a right applies only to common law rights, and not such as are conferred specially by statute.

In *Niklaus* v. *Conkling*, 118 Ind. 289, ELLIOTT, C. J., speaking for the court, says:   "The authority to levy the assessment is purely statutory, and no other assessment than such as the statute prescribes can be made.   As it is solely by virtue of the naked statutory power that cities have a right to levy an assessment, they can not levy it upon other property, or upon more property than the statute authorizes.''

The statute here creates a lien and provides that it may be enforced by a sale of the particular property

against which it is created, for the payment of the benefits assessed; the courts have held that as to railroads the lien can not be enforced if the property against which the assessment is made is a part of its right of way.

Because such lien can not be enforced by a sale of the property, the majority of this court say: "Where the law gives a right, it will also furnish a remedy for its enforcement," and this, notwithstanding the fact that the statute creating the lien provides that in its enforcement *"the judgment shall not be a lien on any other real estate belonging to the owner of such tract; nor shall any other property than the lands so assessed be sold to satisfy such judgment."*

Under the common law there is no remedy by which to enforce a special assessment for an improvement, and courts can not create a statutory remedy. Courts can only enforce rights where either the statute or the common law afford a remedy. A careful research on the part of the writer of this opinion fails to bring to light a single case decided by *any* court, where it is announced that the court may create the right, and then create and apply a remedy.

"The assessment made for improvements is strictly *in rem*, and gives no right of action against the land owners, assessed as individuals." *Killian* v. *Andrews*, 130 Ind. 579.

It is settled that a judgment *in rem* can not be the basis for a personal judgment. A review of a few of the cases of our own courts on this question is appropriate at this time.

In *Henrie* v. *Sweasey, Admr.*, 5 Blackf. 335, it is said: "When in a suit, the defendant has been served with process, and has appeared, or might have appeared to defend it, the judgment of the court is, in general, con-

clusive between the parties as to the indebtedness of the defendant to the amount of the judgment. On such a judgment an action will lie, and the defendant can not deny the debt. This principle is familiar. But in the process by attachment, the proceedings are against the property only of the defendant, and where execution is awarded, it issues against the property attached, and nothing else. If it pays the debt, it is well; if not, the original debt, so far as it remains unpaid, continues. Judge STORY, in his Conf. of Laws, page 461, speaking of the proceedings by attachment against the property of non-residents, says: 'In such cases, for all the purposes of the suit, the existence of such property, within the territory, constitutes a just ground of proceeding to enforce the rights of the plaintiff, to the extent of subjecting such property to execution upon the decree or judgment. But it is to be treated to all intents and purposes, if the defendant has never appeared and contested the suit, as a mere proceeding *in rem*, and not personally binding upon the party as a decree or judgment *in personam.*' "

In *Roose* v. *McDonald*, 23 Ind. 157, the court says: "A judgment in attachment, when the defendant does not appear, can not be made the foundation of an action." "A mere judgment of foreclosure, without any personal judgment for the debt or the residue of the debt secured by the mortgage, after applying the proceeds of the sale, is exhausted by a sale of the mortgaged premises, and can not become the foundation of another action, for the purpose of making the balance of the debt secured by the mortgage. It is merely a judgment *in rem*, and when the property has been sold, the judgment has no more vitality." *Lipperd* v. *Edwards*, 39 Ind. 165.

"And it has been repeatedly decided that a judgment *in rem* can not become the foundation of another action."

Louisville, New Albany and Chicago Ry. Co. *v.* State, *ex rel.* Ward.

says this court in the case of *Moyer, Guard.*, v. *Bucks*, 2 Ind. App. 571. See also *Marshall* v. *Stewart*, 65 Ind. 243.

That a personal judgment can not be rendered against the owner of property, on account of special assessments for benefits or improvements to such property, without a statute authorizing the same, seems to be well settled. Elliott on Roads and Streets, page 399. The drainage act does not create a personal liability against the land owner. *State, ex rel.*, v. *Ætna Life Ins. Co.*, *supra.* It has also been held that a statute authorizing such judgments is unconstitutional. *City of St. Louis* v. *Allen*, 53 Mo. 44; *City of St. Louis* v. *Bressler*, 56 Mo. 350; *Higgins* v. *Ausmuss*, 77 Mo. 351; *Town of Macon* v. *Patty*, 57 Miss. 378; *Taylor* v. *Palmer*, 31 Cal. 240; *City of Virginia* v. *Hall*, 96 Ill. 278; *Wolf* v. *City of Philadelphia*, 105 Pa. St. 25.

If, then, an "Assessment made for improvements is strictly *in rem*, and gives no right of action against the land owners assessed as individuals," and "a judgment *in rem* can not become the foundation of another action," the judgment of the court below is without a foundation, and can not be upheld.

The case of *Louisville, etc., R. W. Co.* v. *State, for Use*, 122 Ind. 443, cited as authority in the opinion of the majority, is not decisive of this case, for the reason that no question was presented by the record in that case, or decided by the court, relative to the right of a court to render a personal judgment against a railroad company for the collection of a ditch assessment.

Not a single authority has been cited in support of such a proposition, and I think none can be cited.

I think the judgment should be reversed.

Filed Nov. 28, 1893.