Filed Mar. 15, 1894.

———————◆———————

No. 1,181.

## THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* BOWKER.

PARTIES.—*City.*—*Action to Enforce Sewer Assessment Lien.*—*Railroad.*
—In an action by a contractor for the enforcement of certain sewer assessment liens against a railroad company's right of way and depot lot, the city in which such property is situated having no interest or concern in the question in dispute, there was no error in overruling the defendant's petition to make the city a party to the action.

EVIDENCE.—*City Council Proceedings.*—*Sewer Assessment.*—*Appearance.*
—*Waiver.*—In an action to enforce a sewer assessment lien, it was not error to admit in evidence, over defendant's objection, because of certain descriptions therein and misnomer of defendant, the transcript of the proceedings of the city council upon which the alleged lien was predicated, where it appears that during the proceedings before the council, which resulted in the assessment of benefits, for which the lien is sought to be enforced, and before the same were finally settled and confirmed upon the report of the civil engineer, the defendant, by its attorneys, made a full appearance to the proceedings and filed a remonstrance, no objection then being offered to the description and alleged misnomer; such facts constituting a waiver of the objection, even if it ever had any merits.

SAME.—*Abbreviations Explainable by Parol Evidence.*—If abbreviations are used in making a ditch assessment, they may be explained by

parol evidence, the explanations not being inconsistent with the written terms.

JUDGMENT.—*Objection to, How Taken.—Motion to Modify.—Assignment of Error.—Practice.*—Where objection is made to the form of the judgment merely, such objection must be made in the trial court by a motion to modify, and, if overruled, error must be predicated upon the ruling, a general objection to a judgment not being sufficient.

SAME.—*Railroad.—Right of Way and Depot Lot, Foreclosure of Sewer Lien on.—Personal Judgment.*—In an action to enforce a sewer assessment lien against the right of way and depot lot of a rail road company, the court may, in addition to a decree foreclosing the lien, render a personal judgment against the company, which may be satisfied by levy and sale, upon execution, of any of its personal property subject thereto, provided the company does not appear to be insolvent.

Dissenting opinion by Ross, J.

From the Howard Circuit Court.

*M. Bell, W. C. Purdum, W. E. Hackedorn* and *J. B. Cockrum,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

REINHARD, J.—This action is prosecuted by the appellee against the appellant, for the enforcement of certain sewer assessment liens claimed to be held by the appellee, as contractor, upon the appellant's right of way and depot lot in the city of Kokomo.

There was a trial by the court, and a finding and personal judgment in favor of the appellee.

The first error complained of by appellant's counsel is the overruling of its petition to make the city of Kokomo a party to the action.

In the petition, it is alleged that the appellant had no notice whatever of the proceedings to establish the sewer, or that it would be called upon to pay any proportion of the cost or expense of constructing the same, until after the work had been completed and the assessments made;

and that appellant was not benefited, but damaged, by the construction of the sewer.

The petition was properly overruled.

In the dispute between the appellee, who was the contractor and lienor, and the appellant, the owner of the property, the city of Kokomo had no sort of interest or concern. No judgment could have been rendered for or against the city, except upon a cross-action for damages, and this did not concern the appellee, and could have constituted no defense to his action. The city had no unity of interest with the appellee, and could not be made a party defendant for the mere purpose of settling a controversy between it and the appellant. *Frear* v. *Bryan*, 12 Ind. 343; *Scobey* v. *Finton*, 39 Ind. 275; *Bennett* v. *Mattingly*, 110 Ind. 197.

Whether the wrongful appropriation of the appellant's property by the city for a sewer does or does not constitute a proper defense to this action, is not material to the point under consideration. If it is a proper defense, the appellant could not be deprived of it by reason of the nonjoinder of the city as a party, and if it is not a defense, we do not see how the presence in court of the city as a defendant could in any manner aid the appellant or render such defense any more proper.

At the trial of the cause in the court below, when appellee offered in evidence the transcript of the proceedings of the city council, upon which the alleged lien was predicated, the appellant's counsel objected to the introduction of such record, for the reason that in the description of the sewer the appellant's railroad was described as the "L. E. & W. Railroad," which, it is insisted, was not the proper name of the appellant's road, the latter being known only as the Lake Erie and Western Railroad; and for the further reason that in the notice set forth in the transcript, and the only notice

ever given the appellant, the latter was not designated by its proper corporate name, The Lake Erie and Western Railroad Company, but was designated as the L. E. & W. Railroad Company, which was not its proper corporate name.

This objection was properly overruled. The transcript, to the introduction of which the objection was made, shows affirmatively that during the proceedings before the city council, which resulted in the assessment of benefits, for which a lien is sought to be enforced in this action, and before such assessment was finally settled and confirmed upon the report of the civil engineer, the appellant, by its attorneys, made a full appearance to the proceedings, and filed a remonstrance on the ground of alleged excessive assessments, and succeeded in getting such assessments reduced from $340 to $215. No objection was then offered to the description of the appellant's right of way or depot lot, nor to the improper designation of the appellant in the notice. We think if there ever was any merit in the objection, it was waived long before the evidence was offered.

The objection, seemingly made for the first time in this court, that the appellant's depot lot was not properly described, is, for the same reason, equally unavailing. The appellant's remonstrance fully recognizes that the description, in its abbreviated form, stood for lot No. 24 in Sharp, Albright and Mears' addition to the city of Kokomo, the full description being given in the remonstrance. Besides, the complaint fully describes the property assessed, and if abbreviations were used in making the assessment, they may be explained by parol evidence, the explanations not being inconsistent with the written terms. *Barton* v. *Anderson*, 104 Ind. 578.

The final contention of appellant's counsel is that the

court erred in rendering a personal judgment against the appellant, the action. being purely *in rem*. It is, however, insisted on behalf of the appellee, that no such question is presented by the record. We think the appellee was entitled to some judgment, and this is not denied by appellant's counsel. The only objection to the form of the judgment contained in the order-book entry, and in the bill of exceptions, is, "and the defendant now excepts to said judgment."

The assignment of error upon this point is that "The court erred in rendering judgment for the appellee."

Where the objection is to the form of a judgment merely, it must be made in the trial court by a motion to modify, and if this motion is overruled, error must be assigned upon the ruling. A general objection to a judgment is not sufficient. Elliott's App. Proced., sections 346, 347; *Cockrum* v. *West*, 122 Ind. 372; *Walter* v. *Walter*, 117 Ind. 247; *Stalcup* v. *Dixon*, 136 Ind. 9.

But if the question were properly presented, it would, nevertheless, be unavailing to the appellant.

In *Louisville, etc., R. W. Co.* v. *State, ex rel.*, 8 Ind. App. 377, this court decided that a personal judgment against the railroad company may be rendered as an available remedy to satisfy a lien, the right of way and franchises not being subject to sale upon execution and decree for the enforcement of such lien.

In *Louisville, etc., R. W. Co.* v. *State, for Use*, 122 Ind. 443, the action was for the foreclosure of a lien for ditch assessments. The trial court rendered a decree of foreclosure and made an order for the sale of the right of way through certain described sections of land in Lake county for the satisfaction of the judgment, and also rendered judgment against the company for the amount

due upon the assessments. It was held in that case that although the statute created a lien upon the road it did not authorize the body thereof to be sold. The court reversed the judgment so far as it directed the sale of the road bed, but affirmed it to the extent that it fixed the amount due and awarded the right of process for its collection.

The case of *Louisville, etc., R. R. Co.* v. *Boney*, 117 Ind. 501, was an action against the railway company in the nature of a creditor's bill. There was judgment in the court below against the company for a certain amount and an order for the sale of the road. It was there ruled that the franchises and roadbed of the company were not subject to sale for the satisfaction of the lien, in the absence of some special statutory provision to that effect, although the plaintiff in that case had acquired a statutory lien upon that part of the roadbed which he had constructed, and the court expressly held that the statute gave him the right to foreclose such lien.

In the course of the opinion MITCHELL, J., speaking for the court, said: "As it appears in the present case that the debt remains unpaid, the lien affords the basis for the exercise by a court of chancery of its flexible jurisdiction to coerce payment of the debt. The Legislature doubtless deemed it the wiser course to leave the method of coercing payment in each case to the court, rather than to prescribe a method which might be suited to one case and not to another. While the corporation is solvent, with property and officers and agents, subject to the order and process of the court, within the State, a court of chancery can not be without expedients for coercing payment out of any money or property which the corporation itself might have applied to that purpose. We know judicially that the Louisville, New Albany and

Chicago Railway Company has hundreds of miles of railroad in operation in the State of Indiana. There is no suggestion that the corporation is insolvent. It has, aside from its franchise and fixed property, perhaps many thousand dollars' worth of property which is subject to seizure and sale; besides, it has many financial officers and agents in the State who receive daily thousands of dollars for the corporation. All these are subject to the order and process of the court. This is the extent to which the court can go until it appears that the corporation is insolvent and unable to pay its debts or meet its current obligations and liabilities—unable, in fact, longer to discharge the duties resting upon it as a corporation.''

It sufficiently appeared in this case, that the property assessed was owned and used for railroad purposes. The court had no power, therefore, to decree a sale of that portion of the roadbed to which the specific lien of the appellee attached. Nothing appears from which we could infer that the appellant company is not perfectly solvent and able to meet all of its obligations. This being true, under the authority of the case from which we have quoted, the circuit court had the undoubted right in some way to coerce the payment of the lien for which the suit was brought. While it might have exercised that right by way of ordering the officers and agents of the appellant to pay into court periodically certain portions of its earnings until the whole debt was extinguished, it also had the power, we think, to render a judgment capable of being satisfied by levy and sale upon execution of any of its personal property subject thereto. This, we think, is clearly implied, if not expressly decided, by the language of the Supreme Court which we have quoted.

The court committed no error in rendering a personal

judgment, and we have found no other reversible error in the record.

Judgment affirmed.

Filed Mar. 15, 1894.

## DISSENTING OPINION.

Ross, J.—In a recent case (*Louisville, etc., R. W. Co. v. State, ex rel.*, 8 Ind. App. 377), decided by this court, the main question decided in this case was considered and decided, and inasmuch as I was compelled to dissent from the views there expressed, I feel it my duty to reiterate them here, for the reason that that decision is, in my opinion, contrary to all the adjudicated cases of the Supreme Court, and in direct violation of the statute which creates the lien sought to be *foreclosed*.

This proceeding is to enforce the collection of a lien created by the statute. There is no contractual relation existing between the parties, hence there is nothing upon which to base a personal judgment. The lien, if one exists, having been created by the statute, and a mode for its enforcement prescribed, that remedy only is to be pursued in its enforcement.

The case of *Louisville, etc., R. W. Co. v. State, ex rel., supra,* which is the authority upon which the majority opinion in this case is based, was an action to enforce a ditch assessment. The statute creating the lien for ditch assessments, section 5626, R. S. 1894, provides that the judgment taken to enforce the lien shall not be a lien on any other property of the owner of the tract assessed, "nor shall any other property than the lands so assessed be sold to satisfy such judgment."

The judgment rendered in that case, which was a personal judgment, and subjected any and all of the land owner's property to sale, was, in the opinion of the writer, in direct violation of the statute creating the lien,

hence void. The judgment of the circuit court in the case under consideration, which is approved by the majority of this court, is a judgment authorizing the sale of any or all of the appellant's property, is not confined to the property benefited, and is, therefore, contrary to the statute creating the lien and prescribing the remedy. It is decided by the court, that the property assessed can not be sold to satisfy the lien, but that any other property owned by appellant is subject to sale to satisfy the same.

"Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. Such has been the settled law in this State for more than sixty years, and such is the law elsewhere," says ZOLLARS, J., in *Storms* v. *Stevens*, 104 Ind. 46.

In the case of the *Farmers' Loan and Trust Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250, ELLIOTT, J., says: "The acquisition of a lien results from a compliance with the requirements of the statute, and is not affected by the consequences which flow from its acquisition. If the claimant does what the statute requires he obtains a lien, and in order to enforce the lien the law declares what shall be done; but over the question of enforcement the lienor has no control. If he obtains a lien in the authorized mode he has a right to have it enforced as the law directs, and not otherwise."

"When a right is created by statute, and the mode of exercising it is prescribed, that mode must be pursued." *Morgan Civil Tp.* v. *Hunt*, 104 Ind. 590.

"Where a new right is created, and a specific mode of relief provided, the remedy is confined to the mode prescribed." *Ryan* v. *Ray*, 105 Ind. 101.

"When a statute creates a new right, and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. This is a well known

rule, and under it this court held in the case of *Storms* v. *Stevens*, 104 Ind. 46, that a ditch assessment could be collected in no other mode than that prescribed by the above statute," says COFFEY, J., in *Edgerton* v. *Huntington School Tp.*, 126 Ind. 261.

The statute under consideration does not create a personal liability, but does create a special lien upon the property assessed, and no other. Without the statute there would be no liability on the part of the appellant, and the statute creating the liability limits it to the particular property assessed. No lien is created against any other, and if the statute is to be observed, no other can be sold for its payment. This court (in the opinion of the writer) is bound to follow the law as the Legislature has made it, and can neither add to nor detract from it. If it is defective in that the full measure of damages can not be meted out by the court, the remedy must come from the law-making power.

In the majority opinion, it is said the question as to the right of the court to render this kind of a judgment is not raised; that it could be raised only by a motion to modify.

In this, I differ from them. The court below could not render the kind of a judgment designated by the statute, namely, for the sale of the property assessed, because it was a part of the right of way of appellant's railroad, hence the court had no right to render any judgment whatever against the appellant. A motion to modify is proper only when the court has the power to render a judgment of some kind, and, in the exercise of such power, has rendered one beyond what it should have done, but which may be modified so as to grant the relief within the power of the court to grant.

In this case the court could have no jurisdiction to

render any judgment whatever against the appellant, hence its judgment is *void*.

I think the judgment should be reversed.

Filed March 15, 1894.