# BARBER ASPHALT PAVING COMPANY v. CITY OF ST. JOSEPH, Appellant.

## Division One, July 1, 1904.

1. **BENEFIT ASSESSMENTS: Against City: General Judgment.** Under the charter of cities of the second class, providing that when the city owns in fee any lot, such as a workhouse, the city shall, out of its general revenue fund, pay its proportionate share of the cost of an improvement alongside of such lot, and providing for the issue of special taxbills and that the city may be sued thereon in default of payment, and that "the judgment shall be the same as ordinary judgments for the recovery of money on contracts," the holder of special taxbills issued for an improvement to a street alongside such lot, may have a general judgment against the city for the amount thereof.

2. ———: ———: ———: **Constitutionality: Taxation.** The provisions of said statute, permitting a general judgment against the city for its share of the benefit assessments, are not repugnant to the provisions of the Constitution exempting the property of a municipal corporation from taxation, nor to the provision which provides that the Legislature shall not impose taxes upon cities for city purposes, but may vest that power in the corporate authority thereof, for the taxes and the taxation in those provisions mentioned do not include assessments for special benefits for local improvements.

3. ———: ———: ———: ———: **Excessive Taxation.** If nothing appears in the record in regard to the annual income and revenue of the city, there is nothing upon which the court can determine whether the general judgment against the city on the special taxbills will require the city to exceed the maximum rate of taxation permitted by the Constitution.

4. ———: ———: ———: **Appropriation: Contract.** The validity of such general judgment is in nowise affected by the fact that no appropriation to pay the same has been made by the city council, nor by the fact that the city has not by contract agreed to pay it, nor because it is not shown that there will be a sufficient amount of money in the treasury to pay it when it is rendered.

5. ———: ———: ———: **Rate of Interest.** Such judgment is not erroneous because it provides for interest at the rate of ten per cent, for that rate is called for by the statute.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*James M. Wilson* and *G. L. Zwick* for appellant.

(1) Plaintiff's petition stated no cause of action and the court should have sustained defendant's objection to the introduction of evidence for that reason. The petition counted upon special taxbills made out against specific property and charging the respective amounts as a lien upon that property, and for that reason, stated no cause of action entitling it to a general or personal judgment. Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Clinton ex rel. v. Henry Co., 115 Mo. 557; R. S. 1899, secs. 5661, 5662, 5663, 5664. (2) The power of local taxation for public improvements is put upon the ground of compensation for the reason that the property assessed is especially benefited and enhanced in value to the extent of the assessment. Neenan v. Smith, 50 Mo. 525; Shehan v. Hospital, 50 Mo. 155; Kansas City Grading Co. v. Holden, 107 Mo. 311. For that reason it can not be the basis of a personal or gen-

eral judgment. ''A local assessment can only be levied on land; it can not, as a tax can, be made a personal liability of the taxpayer; it is an assessment on the thing supposed to be benefited.'' Cooley on Taxation (2 Ed.), 607. A personal or general judgment on account of such improvements is void; and a statute authorizing such judgment is unconstitutional. Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Clinton ex rel. v. Henry Co., 115 Mo. 569; Pleasant Hill v. Dasher, 120 Mo. 679. (3) Revised Statutes 1899, section 5682, in so far as it attempts to make the city liable for the amount of taxbills, is unconstitutional and void, not only for the reasons above stated, but because it is in conflict with sections 6, 10 and 12 of article 10 of the Constitution of Missouri. If the common council, by passing an ordinance for street paving, and the city engineer, by issuing the taxbills, can impose an indebtedness upon the city without anything more, then a way has been found to defeat the letter and the spirit of the Constitution. But even if it can be said that section 5682, Revised Statutes 1899, is not unconstitutional, yet its effect is only to authorize the city to become indebted in the manner pointed out in its charter as shown by section 5557, Revised Statutes 1899.

*Scarritt, Griffith & Jones* for respondent.

(1) The words ''taxes'' and ''taxation'' as used in section 6 and section 10, article 10 of the State Constitution, upon which defendant relies to exempt the lots in question from all special assessments, are held not to apply to special assessments of benefit arising from a public improvement. Clinton ex rel. v. Henry Co., 115 Mo. 557; Morrison v. Morley, 146 Mo. 544; Kansas City v. Bacon, 147 Mo. 301; Cooley's Const. Lim. (7 Ed.), p. 716. (2) The facts in the record do not bring this case within the terms of section 12, of article 10, of the State Constitution. The record is absolutely silent as to the amount of the indebtedness, income or revenue

of the city of St. Joseph during any year.  (3)  Section 5682, Revised Statutes 1899, authorizing and directing that the judgment in such suits as this shall be the same as ordinary judgments for the recovery of money on contract is a valid law.    Clinton ex rel. v. Henry County, 115 Mo. 570; St. Louis v. Allen, 53 Mo. 54; secs. 5379, 5384, R. S. 1899; Hassen v. Rochester, 67 N. Y. 528. (4)  The statute authorizing the issue of the special taxbills sued on specially directs that they shall bear interest at the rate of ten per cent per annum. Secs. 5664, 5682, R. S. 1899. The decisions of this State uniformly uphold such statutory provisions relative to interest on taxbills.  Eyerman v. Blaksley, 78 Mo. 152; Buchan v. Broadwell, 88 Mo. 37; Barber Asphalt Paving Co. v. Ullman, 137 Mo. 570.  (5)  Appellant's contention based on Revised Statutes 1899, section 5557, that the taxbill in question is void because no appropriation has heretofore been made to pay the same, is without merit.  St. Louis v. Alexander, 23 Mo. 508; State v. Green, 24 Mo. App. 231; Hoey v. Gilroy, 129 N. Y. 138; State v. Trenton, 39 N. J. L. 67; Endlich, Interp. Stat., secs. 223, 224; Smith v. St. Joseph, 122 Mo. 643; Pryor v. Kansas City, 153 Mo. 135,

BRACE, P. J.—This is an appeal by the defendant from a general judgment of the Buchanan circuit court in favor of the plaintiff against the city for the sum of $1,631.70, in an action on five special taxbills issued under the provisions of sections 5661 et seq., of article 3, chapter 91, Revised Statutes 1899, governing cities of the second class, to which the defendant belongs, for the proportionate amount of the cost of constructing the curbing, guttering and roadway of Third street from the north line of Jule to the south line of Franklin street in said city, charged against five lots, owned in fee simple absolute by the city, fronting on said street and improvement, and used for the purposes of a city workhouse.  There is no dispute about the facts.  The judg-

ment was rendered in pursuance of the following provisions of section 5682 of said statute:

"When the city owns in fee simple absolute any lot or parcel of land liable to be charged for work by special taxbill, and in any case of improvement alongside of a public square, or other place held for public use other than a street, avenue, alley or highway, the city shall, out of the general revenue of the city, pay its proportionate share of the cost of the work mentioned in section 5661, a taxbill against the city to be issued, in which the city may be sued in default of payment; but no property held for public use shall be sold, and the judgment shall be the same as ordinary judgments for the recovery of money on contract."

The objection to the judgment will be considered in the order presented by counsel for appellant.

(1)   It is contended that the demurrer to the evidence ought to have been sustained because the petition counted upon special taxbills which charged the proportionate cost of the improvement upon the lots in question, and in such an action a general judgment can not be rendered—and in support of this contention the following cases are cited: Neenan v. Smith, 50 Mo. 525; City of St. Louis to use v. Allen, 53 Mo. 44; Kansas City Grading Co. v. Holden, 107 Mo. 311; City of Clinton ex rel. Thornton v. Henry County, 115 Mo. 569; City of Pleasant Hill v. Dasher, 120 Mo. 679. In all these cases, except City of Clinton v. Henry County, 115 Mo. 569, the suits were against private property-owners. In that case the suit was against the county on special taxbills against the courthouse square. That case was well considered and reviewing the precedent cases, it was said per BLACK, P. J., speaking for the court:

"It was held in the case of St. Louis to use v. Clemens, 36 Mo. 468, under a law making taxbills a lien on the property assessed, and providing that the contractor might collect the taxbills by 'ordinary process of law,' that the proceeding was one *in personam*, and

that the contractor was entitled to a general judgment to be enforced by a general execution. But that case was overruled by the subsequent cases of Neenan v. Smith, 50 Mo. 525, and St. Louis to use v. Allen, 53 Mo. 44. These cases hold that local assessments can be upheld alone on the ground of compensation in benefits to the particular property assessed, and in view of which it was held that the words 'ordinary process of law' meant such process as was adapted to the enforcement of the lien. The case last cited goes much further and holds, and holds distinctly, that a law attempting to authorize a general judgment over against the property-owner on a special taxbill would be unconstitutional and void. Since the ruling made in those cases it has been repeatedly held that the judgment must be, and can only be, one enforcing the lien against the particular property. Such is the settled law of this State. [Carlin v. Cavender, 56 Mo. 286; St. Louis to use v. Bressler, 56 Mo. 350; Seibert v. Copp, 62 Mo. 182; Louisiana v. Miller, 66 Mo. 467; Higgins v. Ausmuss, 77 Mo. 351.]

"According to these adjudications, proceedings to enforce special taxbills are in the nature of proceedings *in rem*, and compulsory payment of the judgment can only be made by a sale of the assessed property. As public property like that here in question can not be sold on general or special execution, and as the Legislature has provided no other remedy than that of enforcement of the lien, it is quite evident that the statute in question does not apply to or include property owned by a county and used for governmental purposes.

"It is true the cases last cited were all suits against private property-owners; and as it is within the power of the Legislature to make property devoted to public uses liable for local assessments, and as it is contrary to public policy to permit public property to be sold, we may and do concede that the Legislature can provide for the payment of local assessments against public

property out of the general treasury. Such a provision would doubtless be sufficient to show an intent to make such property liable for these assessments; but the Legislature has made no such provision. The argument, therefore, that the courts can devise a remedy where there is a right, does not meet the issue in this case; for the real question is, whether the city had the power or right to levy the assessments upon public property, and we are unable to find any evidence of such a legislative intent.''

And further on in the opinion it is said: ''The property here in question is strictly public property, and on well-settled principles of law can not be held liable for these local improvement assessments until the Legislature so says in clear terms or by necessary implication, and that it has not done by the statute relating to cities of the third class. There is much merit in the argument that the public, the beneficial owner of the courthouse property, ought, as a matter of fairness, to bear a part of the cost of improving the streets, but the argument addresses itself to the Legislature. Courts must declare the law as they find it.''

But for the aforesaid provision of section 5682, this contention could well be maintained on the authority of the cases cited, but it is fully met and answered by that section of the statute, and the views expressed by this court quoted from the opinion in the case of Clinton v. Henry County, supra. As was said by this court in a more recent case, the principle to be deduced from that case is, ''That whilst it is competent for the lawmaking power to include public property belonging to a city or county within the limits of special assessments for public improvements, yet such property is not so included, unless it is so by express enactment or clear implication.'' [St. Louis v. Brown, 155 Mo. l. c. 561.] And there can be no question but that the lots in question belonging to the city are by the terms of said section subjected to assessment for local street im-

provements and a general judgment therefor against the city authorized.

In this connection, it is, however, further contended that section 5682, supra, in so far as it attempts to make a city liable for taxbills, is void because in conflict with sections 6, 10 and 12 of article 10 of the State Constitution.

(2) By section 6, article 10 of the Constitution, the property of municipal corporations is exempted from taxation, and by section 10, article 10, it is provided that, ''The General Assembly shall not impose taxes upon counties, cities, towns or other municipal corporations or upon the inhabitants or property thereof, for county, city, town or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes,'' and by section 12 of said article it is provided that, ''No county, city, town, township, school district or other political corporation or subdivision of the State, shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose. . . .''

So far as this contention is based upon the provision of said section 12, it is sufficient to say that there is not any evidence whatever in the record in regard to the income and revenue of the defendant city, and hence nothing to bring the taxbills or judgment within the inhibitions of that section of the Constitution, and so far as it is based upon said sections 6 and 10, it is sufficient to say that the taxes and taxation therein mentioned do not include assessments for special benefits for local improvements, as is manifested by a long and unbroken line of decisions of this court. [Exposition Driving Park Co. v. Kansas City, 174 Mo. 425; Kansas City v. Bacon, 147 Mo. 259; Morrison v. Morey, 146 Mo. 543; Clinton ex rel. v. Henry Co., 115 Mo. 557;

State ex rel. v. City of Kansas, 89 Mo. 34; Farrar v. City of St. Louis, 80 Mo. 379; Sheehan v. Good Samaritan Hospital, 50 Mo. 155; Lockwood v. City of St. Louis, 24 Mo. 20.] Hence the provisions aforesaid of section 5682 are not repugnant to the constitutional provisions aforesaid.

(3) But, it is next contended, that if said provisions of section 5682 are not unconstitutional, their effect is only to authorize the city to become indebted in the manner pointed out by section 5557 of said act which provides that: "The common council shall not appropriate money for any purpose in excess of the revenue of that fiscal year actually collected and in the treasury at the time of such appropriation and unappropriated. Neither the common council nor any officer in the city, except the comptroller in the single instance in this article provided, shall have authority to make any contract, or do any act binding such city, or imposing upon said city any liability to pay money, until a definite amount of money shall first have been appropriated for the liquidation of all pecuniary liability of said city under said contract or in consequence of said act, and the amount of said appropriation shall be the maximum limit of the liability of the city under any such contract or in consequence of any such act—said contract or action to be, *ab initio,* null and void as to the city for any other or further liability. . . ." And as no definite amount of money was first appropriated for the liquidation of the cost of paving the street prior to the letting of the contract, the taxbills are void. This contention is no more tenable than the preceding one. The limitations of section 5557 have no more to do with the provisions of section 5682 than have the constitutional provisions referred to in the preceding paragraph.

Under the provisions of section 5682 the general revenue fund of the city may be charged for the benefits which the property of the city has received by a public

improvement, not because of any liability therefor created by any contract or act of its officers, but because its property has been benefited, and the property itself can not be charged for such benefit. The remedy provided by this statute is not for a liability under a contract, or which could be created by the act of its officers, but for the value of benefits to the city's property for which in equity and good conscience it ought to pay, although it could not be made liable therefor by any contract and the same could not be charged against its property.

(4)   Finally it is contended that the judgment is erroneous in that "it calls for interest at the rate of ten per cent."

By section 5664 of said act it is provided that "each taxbill shall bear interest from its issue at the rate of ten per cent per annum, if not paid in thirty days after the issue thereof," and "the judgment shall bear interest at the same rate as the taxbill." The taxbills were so made, and the judgment followed the bills. There was no error in this. [Asphalt Paving Co. v. Ullman, 137 Mo. l. c. 570; Buchan v. Broadwell, 88 Mo. l. c. 37; Eyerman v. Blaksley, 78 Mo. l. c. 152.]

It follows that the judgment of the circuit court ought to be affirmed, and it is accordingly so ordered.

All concur.